234 So.2d 270 (1970)
Mrs. Meriam COLLINS, Wife of and Eugene Collins
v.
NEW ORLEANS PUBLIC SERVICE, INC., Jane Doe and Dairyland Insurance Company.
No. 3829.
Court of Appeal of Louisiana, Fourth Circuit.
April 6, 1970.
Rehearing Denied May 4, 1970.
Writ Refused June 26, 1970.
*271 Levy, Smith & Pailet, Adolph J. Levy, New Orleans, for plaintiffs-appellants.
Porteous, Toledano, Hainkel & Johnson, C. Gordon Johnson, Jr., New Orleans, for defendants-appellees.
Before SAMUEL, CHASEZ and REDMANN, JJ.
SAMUEL, Judge.
Plaintiffs, husband and wife, filed this suit for damages for alleged personal injuries sustained by the wife while she was a fare-paying passenger in a New Orleans Public Service bus. The petition names three defendants: New Orleans Public Service, Inc.; "Jane Doe", a person whose true name and identity was unknown; and Dairyland Insurance Company, plaintiffs' automobile liability insurance carrier under a policy containing an uninsured motorist endorsement.
Dairyland filed a motion for summary judgment and after a hearing thereon there was judgment granting the motion and dismissing the suit against that defendant. Plaintiffs have appealed.
The material facts are not in dispute insofar as this appeal from the summary judgment is concerned. An automobile, described as a "blue, 1967 Ford Mustang", drove in front of the bus in which the plaintiff-wife was riding. The bus came to an abrupt stop which caused her to fall and suffer the injuries in suit. There was no physical contact between the bus and the automobile. The latter continued on and the name and identity of its owner and of its driver are unknown. The petition alleges the abrupt stop was proximately caused by the negligence of both the bus driver and the driver of the Mustang.
Plaintiffs' cause of action against Dairyland is based on the contention that the *272 offending automobile was uninsured within the meaning of the uninsured automobile provisions of the policy, and a "hit-and-run" vehicle under those provisions, despite the policy definition of "hit-and-run automobile" as one which has physical contact with the insured or with the vehicle which the insured is occupying and the fact that there was no physical contact here. Their counsel argue: (1) the requirement of physical contact is invalid because it is beyond the provisions of the pertinent uninsured motorist law; and, alternatively (2) even if the words used in the insurance contract are fairly explicit, the court must refrain from interpreting them in such a manner as to lead to absurd consequences.
The uninsured motorist law to which appellant refers is LSA-R.S. 22:1406 D(1), which reads:
"No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits described in the Motor Vehicle Safety Responsibility Law of Louisiana, under provisions filed with and approved by the Commissioner of Insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, however, that the coverage required under this section shall not be applicable where any insured named in the policy shall reject the coverage." (Emphasis added).
In pertinent part, the insurance contract in suit:
1. Provides that the insurer (Dairy-land) "* * * will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, * * sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; * * *";
2. Defines "uninsured automobile" as: "(1) an automobile with respect to the ownership, maintenance or use of which there is, in at least the amounts specified by the financial responsibility law of the state in which the insured automobile is principally garaged, no bodily injury liability bond or insurance policy applicable at the time of the accident * * *; or (2) a hit-and-run automobile as defined; * *"; and
3. Defines "hit-and-run automobile" as follows: "`hit-and-run automobile' means an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident, provided: (1) there cannot be ascertained the identity of either the operator or owner of such `hit-and-run automobile'; * * *" (Emphasis added).
We find no merit in plaintiffs' first argument, that the requirement of physical contact in the instant case is invalid because such a requirement is beyond the provisions of the quoted statute.
In an action by the insured on an insurance contract the burden of proof is on the plaintiff to establish every fact essential to his cause of action and also to establish that his claim is within the policy coverage; under the above quoted statute alone, as well as in the instant case in the absence of the policy definition of an insured automobile as a hit-and-run automobile as defined by the policy or in the absence of the applicability of those two definitions, the burden is upon the plaintiffs to prove that the automobile which was a proximate cause of the injuries in suit was in fact an uninsured automobile. Vitrano v. State *273 Farm Mutual Automobile Ins. Co., La.App., 198 So.2d 922; Roloff v. Liberty Mutual Insurance Company, La.App., 191 So.2d 901.
Thus, in connection with the matter under discussion there is no conflict between the policy provisions and the statute. The hit-and-run policy provisions do go beyond the statute in that under the latter alone the insured in every instance bears the burden of proving the uninsured automobile was in fact uninsured, while the policy provisions dispense with the necessity of such proof by the insured when there is physical contact as defined and the identity of the operator or owner cannot be ascertained. To the extent that the hit-and-run provisions go beyond the statute they are to the advantage of the insured. And since those provisions are neither required nor prohibited by the statute, the parties to the insurance contract were free to limit or restrict them in any manner they saw fit.
We also find no merit in plaintiffs' second argument relative to interpreting the language in such a manner as to lead to absurd consequences. The basis for this argument is that the requirement of physical contact is intended to prevent false claims, not to lessen coverage, and should not be extended to defeat recovery where fraud clearly does not exist. In this connection they point to the fact that in the instant case Dairyland concedes there was an automobile which crossed the path, and the right of way, of the bus and was a proximate cause of the abrupt stop by the bus.
Whatever may have been the intent of the parties to the insurance contract, the words used are clear and explicit and lead to no absurd consequences. In the absence of physical contact they simply require proof by the plaintiffs that the Mustang was in fact an uninsured automobile. As the plaintiffs have offered no such proof they cannot recover under the "hit-and-run automobile" provisions of the policy.
In this connection, because the judgment on appeal is a summary judgment, we note that the accident in suit occurred on September 13, 1967, the motion for summary judgment was filed on December 12, 1968 and heard on January 10, 1969, and plaintiffs do not suggest to us there is any possibility that the woman driver of the Mustang will ever be identified.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.