273 So.2d 50 (1973)
John G. APRIL
v.
The MILLERS MUTUAL FIRE INSURANCE COMPANY OF TEXAS.
No. 5160.
Court of Appeal of Louisiana, Fourth Circuit.
January 15, 1973.
*51 Michael L. Karmazin, New Orleans, for plaintiff-appellant.
Sessions, Fishman, Rosenson, Snellings & Boisfontaine, Robert E. Winn, New Orleans, for defendant-appellee.
Before CHASEZ, STOULIG and BOUTALL, JJ.
STOULIG, Judge.
Plaintiff, John G. April, brought this appeal from a judgment dismissing his claim against his automotive insurer, The Millers Mutual Fire Insurance Company of Texas.
April seeks recovery for personal injuries under the "hit-and-run" clause of the "Family Protection" (uninsured motorist) provision of his policy. He averred that as he was driving in the left lane of the highway, an unidentified truck, traveling in the adjoining center lane, abruptly attempted to preempt his lane, striking his right front fender causing him to lose control of his automobile. Plaintiff's car "jumped" the curb and struck a utility pole. The truck did not stop.
The uninsured motorist provision of the policy upon which plaintiff bases his claim provides, inter alia, that a "hit-and-run automobile" is a vehicle "* * * which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident * * *." (Emphasis ours.)
The only issue developed on the trial was the question of actual physical contact, a prerequisite for recovery. Plaintiff testified that the rear left side of the truck struck the front right side of his vehicle. The countervailing evidence produced by the defendant consisted of the testimony of its insurance adjuster that the plaintiff told him there was no contact between the vehicles, and the statement signed by the plaintiff to this effect. After considering the evidence and weighing the credibility of the witnesses, the trial judge found that the plaintiff "* * * failed to establish by a preponderance of the evidence any liability on the part of the defendant * * *."
In his brief appellant submits that "the trial court erred in finding no liability on the part of defendant where the facts *52 showed the sole proximate cause of the accident was the negligence of the driver of an unidentified truck who failed to stop after the accident." We must first emphasize that neither negligence nor proximate cause is at issue. The question before the trial court was that of actual physical contact between the two vehicles as specifically required by the policy, which requirement has been held valid in the case of Collins v. New Orleans Public Service, Inc., 234 So.2d 270 (La.App.4th Cir. 1970); writ refused, 256 La. 375, 236 So. 2d 503 (1970).
The sole issue raised by this appeal is factual, i.e. physical contact between the vehicles, the resolution of which depends upon the sufficiency of the evidence presented. Unquestionably the trial judge is in a more advantageous position to evaluate the credibility of the witnesses appearing before him. In the absence of manifest error his findings of fact are binding on this court. This principle of appellate review was reiterated by the Supreme Court in the case of Orlando v. Polito, 228 La. 846, 84 So.2d 433, 434 (1955), where it was stated:
"It is well settled that the trial judge's findings on question of fact, and particularly on questions involving the credibility of witnesses who testified before him, are entitled to great weight on appeal and will not be disturbed unless clearly erroneous. Williams v. Louisiana Ry. & Nav. Co., 121 La. 438, 46 So. 528; Barnes v. Le Blanc, 207 La. 989, 22 So. 2d 404; Plunkett v. United Elec. Service, 214 La. 145, 36 So.2d 704, 3 A.L.R. 2d 1437. * * *"
Our review of the record fails to disclose the commission of manifest error by the trial judge.
Appellant challenges the admissibility of the statement he signed as not being the best evidence nor forming part of the res gestae. The statement was admitted into evidence in connection with appellee's cross-examination of the plaintiff for the purpose of impeachment rather than as a part of the res gestae. Our courts have recognized that the introduction of a prior inconsistent statement for this purpose is proper. In the case of Galiano v. Ocean Accident & Guarantee Corporation, 55 So. 2d 641, 644 (La.App.Orl.1951), this court succinctly stated:
"* * * There is no room for doubt that a court has the right to consider a statement of a litigant made after an accident, despite the fact that the statement is retracted in his sworn testimony. In the light of facts evinced by the record, prior statements may sometimes conclusively impeach and be entitled to greater credence than testimony given from the witness stand. [Citations omitted.]"
Finally, appellant urges that the trial court should have applied the doctrine of adverse presumption of unfavorable testimony because of defendant's failure to call its independent auto damage appraiser as a witness. It should be noted that the appraiser's written itemization of the specific damages to plaintiff's vehicle was admitted into evidence by agreement of both counsel. Obviously the trial judge did have the benefit, in arriving at his judgment, of all of the information contained in the appraisal, including the damage to plaintiff's right front fender.
Furthermore because the appellant agreed to the introduction of the appraiser's report into evidence the presumption cannot be invoked. As held in Trahan v. Travelers Insurance Company, 241 So.2d 609, 613 (La.App.3d Cir. 1970) (writ refused, 257 La. 607, 243 So.2d 274 [1971]):
"* * * [N]o presumption is raised against either party for failure to call a witness where a report or written statement of that witness is entered in evidence by stipulation of the parties. * * *"
*53 For the reasons above assigned the judgment of the lower court is affirmed at appellant's cost.
Affirmed.