290 So.2d 388 (1974)
Opal S. TYLER, Plaintiff-Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.
No. 12219.
Court of Appeal of Louisiana, Second Circuit.
February 12, 1974.
L. G. Campbell, Bossier City, for plaintiff-appellant.
Kitchens, Benton & Kitchens by John B. Benton, Jr., Minden, for defendant-appellee.
Before AYRES, BOLIN and WILLIAMS, JJ.
AYRES, Judge.
This action for personal injuries is predicated upon the uninsured motorists provisions of an automobile insurance policy issued by the defendant covering plaintiff's automobile.
Based on a finding there was no physical contact between plaintiff's automobile and the vehicle of an alleged unknown motorist, *389 the trial court concluded the uninsured motorist provisions of plaintiff's policy were without application. Plaintiff's demands were thereby rejected and, from that judgment, she appealed.
The facts with reference to and pertinent to the occurrence may be briefly stated.
At approximately 10:00 p. m. on September 25, 1970, plaintiff, in returning from her daughter's residence in Shreveport to her own residence on Lake Bistineau in Bossier Parish, while driving her 1967 model Plymouth around a sharp curve to the left on the Caplis-Sligo road, was blinded by the bright lights of an oncoming vehicle. As the cars neared a meeting point, plaintiff steered her car too far to the right on the shoulder of the road, lost control, ran down the embankment, and came to rest with the car in an upright position in a ditch of considerable depth.
Plaintiff, though severely injured, made her way by foot to the nearby lighted residence of Oscar H. and Lois Robinson who took her to the Bossier City General Hospital. Mrs. Robinson reported the accident by telephone to the State Police, who during the night searched for plaintiff's vehicle and consumed a portion of the following day investigating the accident.
In the contract of insurance, under the topic styled "PROTECTION AGAINST UNINSURED MOTORISTS," a "hit-and-run automobile" is defined as follows: "`hit-and-run automobile' means an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident, provided: (a) there cannot be ascertained the identity of either the operator or the owner of such `hit-and-run automobile';. . . ." (Emphasis supplied.)
The basic principle upon which it is asserted plaintiff's claim must be determined is set forth in Collins v. New Orleans Public Service, Inc., 234 So.2d 270, 272 (La. App., 4th Cir., 1970writ refused), which states:
"In an action by the insured on an insurance contract the burden of proof is on the plaintiff to establish every fact essential to his cause of action and also to establish that his claim is within the policy coverage; . . . ."
The aforesaid contractual provisions of an insurance policy relative to the protection afforded against uninsured motorists, as quoted hereinabove, have been, on numerous occasions, upheld and enforced by the courts of this State. April v. Millers Mutual Fire Insurance Co. of Texas, 273 So.2d 50 (La.App., 4th Cir., 1973); Elledge v. Warren, 263 So.2d 912 (La.App., 3d Cir., 1972writ refused); Collins v. New Orleans Public Service, Inc., supra; Roloff v. Liberty Mutual Insurance Company, 191 So.2d 901 (La.App., 4th Cir., 1966).
Pertinent here are the observations made in the Collins case with respect to the identical question presented here. There the court pointed out:
"Thus, in connection with the matter under discussion there is no conflict between the policy provisions and the statute. The hit-and-run policy provisions do go beyond the statute in that under the latter alone the insured in every instance bears the burden of proving the uninsured automobile was in fact uninsured, while the policy provisions dispense with the necessity of such proof by the insured when there is physical contact as defined and the identity of the operator or owner cannot be ascertained. To the extent that the hit-and-run provisions go beyond the statute they are to the advantage of the insured. And since those provisions are neither required nor prohibited by the statute, the parties to the insurance contract were free to limit or restrict them in any manner they saw fit."
234 So.2d 273.
*390 Therefore, under the appropriate provisions of the insurance policy, "hit-and-run automobile" means, as it states, an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with the automobile at the time of the accident.
Thus, a crucial issue presented in this cause is whether plaintiff sustained the burden of proof and established by a reasonable preponderance of evidence there was physical contact between her vehicle and that of a "hit-and-run automobile." The trial court found plaintiff had not sustained this burden.
A review of the evidence with respect to this burden of proof fails to disclose, in our opinion, any manifest error on the part of the trial court. Mrs. Tyler testified that after the car landed in the ditch she could not open the left door in order to leave the car. Her inability in this respect was attributed by her to her contention that the door was jammed because the car was struck on its left side. In line with her other testimony, plaintiff testified that immediately before leaving the highway she heard "shrieking and scraping" sounds coming from the left side of her car. She never again saw her car after the accident until repairs had been made. She could not, therefore, testify as to its condition with reference to its having been struck on its left side.
It appears significant, however, that in none of plaintiff's conversations, particularly with Mr. and Mrs. Robinson, and with Doyan Foster, her former insurance agent, or with the trooper who investigated the accident, did she report that her car was struck or sideswiped by the oncoming vehicle. Her complaint, as noted, was that the other car's headlights blinded her, whereupon she pulled her car to the right side of the road and lost control of it. Robinson, moreover, testified he was present at the time plaintiff's vehicle was removed from the scene of the accident and there was no indication of damage to the left side. Foster testified that he talked to plaintiff after she was released from the hospital, at which time he asked her the specific question as to whether the other car had struck her and that she replied she thought that it could or could not have, but that she really did not know; she could not be positive.
Under the language of the policy and the aforesaid established jurisprudence with regard to its construction, and the abovestated facts, the conclusion is inescapable that plaintiff has not borne the burden of proof imposed upon her by law.
Hence, the judgment appealed is affirmed at plaintiff-appellant's costs.
Affirmed.