MILLER, Judge.
Plaintiff Joseph Curtis and Intervenor United States Fidelity & Guaranty Company appeal the summary judgment dismissing their claims against defendants “Lamar Advertising Company of Lafayette, and/or Lamar Advertising Company of Louisiana, Inc., (hereinafter referred to as ‘Lamar’) a Louisiana corporation, with its domicile being in the Parish of East Baton Rouge, State of Louisiana,” and Lamar’s *474 liability insurer National Surety Corporation. We affirm as to Lamar, but reverse and remand as to defendant National Surety.
On November 10, 1971 plaintiff was working in a four man construction crew erecting an outdoor advertising sign. He was knocked to the ground when he received an electrical shock from a metal panel which touched an exposed uninsulated high voltage wire. Plaintiff alleged that he was employed by Lamar. He further alleged that “the officers, directors, owners, and managers of” the defendant corporation ordered construction of a larger and taller sign at a specific location adjacent to Highway 190; that plaintiff was under the exclusive direction and control of Lamar’s directors, managers, officers, and owners when the accident occurred; and that plaintiff’s injuries were the direct and proximate result of negligence of Lamar’s corporate officers, directors, and/or owners in four particulars: a) negligently designing and placing the sign and its metal trim dangerously close to. an exposed and uninsulated high voltage line; b) negligently permitting the sign to remain dangerously close to the high voltage line; c) negligently instructing the crew to erect the sign in that area; and d) negligently increasing the height of the new sign when they knew or should have known that it would place plaintiff in a dangerously close proximity to an exposed or uninsulated high voltage line.
Lamar and National introduced two affidavits to support their motion for summary judgment. Both deponents declared that they were familiar with the affairs of their corporation and were aware of the facts and circumstances surrounding the accident. They further deposed that the sole duty and responsibility for the job plaintiff was performing at the relevant time belonged to Buvens Ducote, Lamar’s construction foreman, and that Ducote was not an officer, director, or stockholder in Lamar and had no managerial responsibilities with the company.
All doubt concerning dispute as to a material issue of fact must be resolved against granting the motion for summary judgment and in favor of trial on the merits. A motion for summary judgment is not to be used as a substitute for trial. If there'is doubt concerning the existence of a dispute as to a material fact, a motion for summary judgment must be denied. Odom v. Hooper, 273 So.2d 510 at 515 (La.1973).
Plaintiff’s alleged claims against the corporation are based on his employment relationship. His exclusive remedy for those claims lie under Workmen’s Compensation. LSA-R.S. 23:1032; Fabre v. Travelers Insurance Company, 286 So.2d 459 (La.App. 1 Cir. 1974).
The claim against National Surety appears to be based on allegations of negligence of Lamar’s officers, agents, directors, and owners. National Surety does not contend that these parties are not its insureds. There is nothing in the affidavits to negate the alleged negligence of Lamar’s executive officers in locating the site for the sign. The statement that Ducote was solely responsible for the “job” in which plaintiff received his injuries is not sufficiently supported to meet the required predicate of fact showing that it was made on personal knowledge. Benoit v. Burger Chef Systems of Lafayette, Inc., 257 So.2d 439 (La.App. 1 Cir. 1972). Since there is a genuine issue concerning material facts related to alleged negligence of Lamar’s executive officers, the motion for summary judgment was improperly granted. LSA-C.C.P. art. 966.
We affirm the summary judgment dismissing plaintiff’s tort claim and U.S.F. & G.’s intervention against the East Baton Rouge domiciled corporation “Lamar Advertising Company of Lafayette, and/or Lamar Advertising Company of Louisiana, Inc.” The dismissal of plaintiff’s tort claim and U.S.F. & G.’s intervention against National Surety Corporation is re *475 versed and those claims are remanded for trial on the merits along with the claims pending against another defendant. Costs of this appeal are taxed to defendant National Surety Corporation.
Affirmed in part; in part, reversed and remanded.