311 So.2d 539 (1975)
UNITED CREDIT PLAN OF JENA, INC., Plaintiff-Appellee,
v.
Sammie HAILEY, Defendant-Appellant.
No. 4947.
Court of Appeal of Louisiana, Third Circuit.
April 21, 1975.
*540 Wm. Henry Sanders, Jena, for defendant-appellant.
Gaharan, Richey & Wilson, by Joseph Wilson, Jena, for plaintiff-appellee.
Gold, Hall, Hammill & Little, by James D. Davis, Gist, Methvin & Trimble, by DeWitt T. Methvin, Alexandria, for defendant-appellee.
Before FRUGE, CULPEPPER and DOMENGEAUX, JJ.
FRUGE, Judge.
This case comes before us on an appeal from a judgment rendered granting a motion for summary judgment. The judgment of the trial court dismissed the demands of third-party-plaintiff, Sammie Hailey, against third-party-defendant, Aetna Casualty and Surety Company. We reverse and remand.
Suit was filed by the plaintiff, United Credit Plan of Jena, Inc., against Sammie Hailey for enforcement of a promissory note made by the defendant. The defendant asserted a third party demand against Aetna Casualty and Surety Company, the subject of this third party demand being the injuries sustained by the defendant in an automobile accident which occurred on October 31, 1973, while the defendant was operating his 1973 Plymouth automobile. Also made a third-party-defendant was David M. Deville. Hailey alleged that on the date in question he was operating his 1973 Plymouth, one of his two automobiles insured by Aetna, on Louisiana Highway 28 when he was struck by a 1968 Oldsmobile driven by Deville. The accident allegedly took place on a two-way undivided highway. Hailey allegedly had stopped behind an unidentified vehicle which was attempting to make a left turn off Louisiana Highway 28. A second unidentified vehicle pulled up behind Hailey's car and proceeded to pass on the right side of his car and the first unidentified vehicle. At this point the Deville vehicle allegedly came up from the rear and collided with Hailey's vehicle causing the damages which are the subject of this third party demand.
Hailey contends that he had uninsured motorist coverage written by Aetna in force on each of his two cars with $5,000/$10,000 limits and that the coverage from the two cars should be stacked so that in effect he is entitled to recover $10,000 under this coverage on the Plymouth instead of merely $5,000 which is the limit applicable to this automobile standing alone. He further contends that two unidentified drivers were negligent and that their negligence contributed to the cause of the accident and that the uninsured motorist coverage should be applied to pay for the damage caused by these two drivers. Hailey seeks recovery from Aetna for his injuries sustained in his accident on October 31, involving David Deville and the two unidentified drivers, and also contends that Aetna owes him for the loss of his car under the collision coverage provided in the insurance policy. Since United Credit was suing him for payment of a note made in connection with the purchase of the car he had lost in the accident, Hailey sought to have Aetna pay United Credit by way of the third party demand.
On May 7, 1974, Deville was dismissed from the litigation on the motion of Hailey. Various declinatory exceptions were filed by Aetna. Subsequent to the filing of these exceptions, an answer and motion for summary judgment were filed by Aetna. For purposes of considering the motion for summary judgment the following facts were treated as true by the trial judge:
(1) Mr. Hailey was injured on October 31, 1973.
(2) In the accident Hailey sustained injuries that would entitle him to recover $20,000 or more in compensatory general damages.
(3) Another driver, David Deville caused the accident that injured Hailey.
(4) The Hailey vehicle was insured by an Aetna policy that afforded $5,000 *541 coverage for injury to one person and $10,000 coverage for one accident in its uninsured motorist provisions.
(5) The Haileys had two cars, both of which were covered by the same Aetna policy with identical protection on each vehicle.
(6) David Deville had liability insurance with State Farm Mutual Insurance Company and his policy had personal injury liability limits of $10,000 for injury to one person and $20,000 for one accident.
(7) Deville's policy with State Farm was in force at the time of the accident and applicable to it.
(8) Two additional drivers who are unidentified contributed to the accident, but these vehicles did not come in contact with the Hailey vehicle.
It was also noted by the trial judge that, for purposes of the summary judgment, Aetna had admitted that its coverage on the two Hailey vehicles under a single family automobile policy could be stacked so as to equal the coverage under Deville's State Farm policy.
The issue before the court was whether the third-party-plaintiff could recover against Aetna under the uninsured motorist provisions of the policy for the damage caused by the alleged negligence of the two unidentified drivers. In his written reasons for judgment the trial judge pointed out that the Aetna policy provides that protection is afforded under the uninsured motorist provisions for damages caused by a hit-and-run or unidentified motorist. It further provides that a hit-and-run automobile means an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident. The trial judge cited Tyler v. State Farm Mutual Automobile Insurance Company, 290 So.2d 388 (La.App.2d Cir. 1974) and Elledge v. Warren, 263 So.2d 912 (La.App.3rd Cir. 1972) for the proposition that the physical contact provisions do not contravene the recognized public policy in this state and are binding on the insured so that for such coverage to be applicable, physical contact must be made between the insured or the insured vehicle and the unidentified vehicle.[1] See also Collins v. New Orleans Public Service, Inc., 234 So.2d 270 (La. App.4th Cir. 1970) and April v. Millers Mutual Fire Insurance Company of Texas, 273 So.2d 50 (La.App.4th Cir. 1973).
As noted above, one of the facts treated as established for purposes of the motion for summary judgment was that the third-party-plaintiff's vehicle never came into contact with either of the two unidentified vehicles. Our review of the record indicates that this fact was placed at issue by the affidavit filed on behalf of the third-party-plaintiff. The final sentence in the affidavit is as follows: "Deponent states that the first unidentified vehicle struck the front of deponent's vehicle."
Article 966 of the Code of Civil Procedure provides for the motion for summary judgment, and provides in pertinent part as follows:
"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
A motion for summary judgment is not to be used as a substitute for trial. If there is any doubt concerning the existence of a dispute as to a material fact, a motion for summary judgment must be denied. Odom *542 v. Hooper, 273 So.2d 510 (La.1973); Curtis v. Gulf States Utilities Company, 306 So.2d 473 (La.App.3rd Cir. 1975).
The third-party-plaintiff's claim against Aetna in this case hinges upon the factual determination of contact between the insured's car and one or both of the two unidentified automobiles. This is a material issue of fact the resolution of which requires trial on the merits. The third-party-plaintiff is entitled to his day in court to present his evidence on the issue of contact between the cars involved in the accident.
For the reasons assigned, the judgment of the trial court is reversed and the case is remanded for trial on the merits. All costs of this appeal are assessed against the appellee.
Reversed and remanded.
NOTES
[1] We do not consider the Elledge case to be applicable.