370 So.2d 638 (1979)
James OLIVER
v.
Frank JONES et al.
No. 9978.
Court of Appeal of Louisiana, Fourth Circuit.
April 10, 1979.
Writ Granted June 1, 1979.
*639 Orlando G. Bendana, Wayne H. Carlton, Jr., New Orleans, for plaintiff-appellant.
Porteous, Toledano, Hainkel & Johnson, John J. Hainkel, Jr., Daniel R. Hynes, and Hammett, Leake, Hammett, Hulse & Nelson, Frank H. Walk, Jr., New Orleans, for defendants-appellees.
Before SAMUEL, BEER and GARRISON, JJ.
BEER, Judge.
James Oliver sustained serious injuries in a head-on automobile collision between his vehicle and that of Frank Jones, who allegedly swerved in his successful attempt to miss hitting a truck which had suddenly turned left across his lane and, thereafter, fled the scene. Oliver sued Jones and his insurer, Allstate Insurance Company, and also sued Government Employees Insurance Company (hereafter, "GEICO"), his own (Oliver's) uninsured motorist carrier. The jury returned a general verdict in favor of all defendants. Oliver appeals.
Though not addressed in either brief, the issue of the introduction of a facsimile of the pertinent GEICO policy (instead of the policy itself) provoked some discussion at the time that this matter was orally argued before us. However.the brief filed by able counsel for appellant refers, at various points, to "The pertinent portions of Mr. Oliver's policy . . ." and ". . . the policy language . . .," and we feel constrained by our rules to address only the issues properly raised on appeal. (See Uniform Rules, Courts of Appeal, Rule IX-A.)
By its own terms, the GEICO policy requires physical contact between the insured automobile and the hit-and-run automobile which cannot be identified.[1]
*640 Here, the record supports a conclusion that the accident was caused by an unidentified green truck which fled the scene (or, perhaps, unknowingly turned left and thereafter proceeded from the scene of this serious accident without its driver even realizing what had happened) after its left turn across Jones' right of way caused him to take the swerving evasive action which resulted in his head-on collision with Oliver's vehicle. The record also completely supports the conclusion that there was no contact whatsoever between either of the physically involved vehicles and the green truck.
Faced with these frustrating circumstances, appellant's able counsel argues that the "physical contact" provision of the uninsured motorist provision is contrary to public policy. Appellee GEICO contends that coverage is a matter of contract between the parties.
Collins v. New Orleans Public Service, Inc., 234 So.2d 270 (La.App. 4th Cir. 1970), has been expressly followed by Hensley v. Government Employees Insurance Company, Inc., 340 So.2d 603 (La.App. 1st Cir. 1976); Tyler v. State Farm Mutual Automobile Insurance Company, 290 So.2d 388 (La.App. 2nd Cir. 1974); and April v. Millers Mutual Fire Insurance Company of Texaco, 273 So.2d 50 (La.App. 4th Cir. 1973).
Thus, we are confronted by clear holdings that the physical contact provision relative to the unidentified hit-and-run driver is valid and enforceable. Since there is no evidence of physical contact or of the identity of the "hit-and-run" driver, the verdict dismissing plaintiff's suit against GEICO must be affirmed.
It is undisputed that, on March 25, 1976, at about 5:30 p. m., Jones' vehicle struck Oliver's vehicle head on just west of the intersection of Paris Road and Old Gentilly Road. The roadway was wet. The intersection is controlled by overhead traffic lights. A six-inch concrete median divides the Old Gentilly Road approach to the intersection. The speed limit was 55 m. p. h. Oliver was heading east on Old Gentilly Road and had stopped his vehicle in the left hand (turning) lane, several yards behind the previously noted green truck, awaiting the change of light signals. Jones was heading west on Old Gentilly Road in the left land. When the light turned green, the truck apparently hesitated and then executed a left turn onto Paris Road, thus blocking Jones' lane of travel. In an effort to avoid hitting the truck, he swerved to the left, hit the brakes, lost control of his car and skidded into the oncoming Oliver's lane, hitting Oliver's car. The truck completed its turn and disappeared down Paris Road.
Oliver contends that Jones waited too long to apply his brakes and lost control of his vehicle primarily for that reason, arguing that the green truck turned across his lane when he (Jones) was well back from the intersection. However, his trial testimony conflicted with that of his deposition on this point. Jones acknowledges that he definitely realized that the truck was turning and would not yield but only became aware of this critical fact when it was approximately 50 yards ahead of him, at which time he was traveling at 30-35 m. p. h.
Though he could possibly have stopped when he first saw the truck's wheels canted to the left but not yet, apparently, moving into the turn, he only had a positive indication at about 50 yards' distance that it was, in fact, turning.
Wallace Steiber, a disinterested witness whose car was stopped several yards behind Oliver's (on Old Gentilly Road), testified that the green truck started turning slowly when Jones was approximately four car *641 lengths away. He estimated Jones' speed at 45 m. p. h. and felt that Jones missed hitting the green truck by about one car length when he swerved, jumped the median, skidded and hit Oliver's car head on.
It is certainly true that a motorist whose vehicle is in the wrong lane at the time of collision has the burden of showing that the collision was not caused by his negligence or that his action was justified by the circumstances. Kierum v. Stonewall Insurance Company, 247 So.2d 166 (La.App. 3rd Cir. 1971). Jones relies on the doctrine of sudden emergency to justify his evasive action. Even so, application of the doctrine does not excuse an improper lookout which contributes to the suddenness of the emergency, not does it excuse a person who should have seen an emergency situation in sufficient time to avoid an accident or one who was not driving at a safe speed. Thibodeaux v. The Lock Clinic, 303 So.2d 570 (La.App. 4th Cir. 1974). Thus, the issue which the jury was obliged to resolve was whether Jones met the burden of proof of sudden emergency as well as its applicability to the facts of this case.
LSA-R.S. 32:122 provides:
"The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to all vehicles approaching from the opposite direction which are within the intersection or so close thereto as to constitute an immediate hazard."
The record supports the apparent jury finding that Jones was approximately four car lengths from the intersection when the green truck created an immediate hazard by turning left into his lane of traffic and that, upon being so confronted, Jones' evasive actions did not fall below the level of reasonableness under the circumstances. Accordingly, we conclude the judgment must be affirmed.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.
NOTES
[1] "Hit-and-run automobile" means an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident, provided: (1) there cannot be ascertained the identity of either the operator or the owner of such "hit-and-run automobile;" (2) the insured or someone on his behalf shall have reported the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles, and shall have filed with the company within 30 days thereafter a statement under oath that the insured or his legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof; and (3) at the company's request, the insured or his legal representative makes available for inspection the automobile which the insured was occupying at the time of the accident.