391 So.2d 69 (1980)
Eva B. GEX and Reuben Hall
v.
John DOE and Cumis Insurance Society, Incorporated.
No. 11309.
Court of Appeal of Louisiana, Fourth Circuit.
November 12, 1980.
Writ Refused January 26, 1981.
Murray, Murray, Ellis, Braden & Landry, Stephen B. Murray, New Orleans, for plaintiffs-appellants.
Porteous, Toledano, Hainkel & Johnson, Henry Leon Sarpy, Daniel R. Hynes, New Orleans, for defendants-appellees.
Before REDMANN, GULOTTA and BARRY, JJ.
GULOTTA, Judge.
In this damage suit plaintiffs seek recovery against the defendant insurer under the uninsured motorist provisions of a policy covering Richard L. Gex, who was killed in an automobile accident. Gex was driving his insured automobile at the time of the accident and Reuben Hall was an injured guest passenger. The trial judge dismissed the suit against the insurer on an exception of no cause of action. Plaintiffs appeal. We affirm.
The petition alleges that while plaintiffs were traveling in the center lane in an easterly direction on I-10 in the city of New Orleans, an automobile driven by an unknown driver swerved into the path of an automobile driven by Carl E. Tant. Tant in turn swerved into the path of the Gex automobile, causing Gex to lose control of his *70 automobile and strike the left concrete median. Nowhere in the petition is it alleged that any physical contact occurred between the unidentified vehicle and the Gex automobile or, indeed, among any of the automobiles. Based on this failure to allege either physical contact or the identity of the operator of the alleged uninsured phantom vehicle, the defendant insurer claims, in the exception, the petition fails to allege a cause of action under the uninsured motorist provisions of the policy.[1]
In the judgment maintaining the exception, the trial judge relied on a decision from this court in Collins v. New Orleans Public Service, Inc., 234 So.2d 270 (La. App. 4th Cir. 1970), writs refused 256 La. 375, 236 So.2d 503 (1970).
Plaintiffs contend the requirement that they must allege and prove physical contact between the insured automobile and the vehicle driven by the unidentified driver to invoke the uninsured motorist provision of the policy circumvents the legislature's purpose in enacting uninsured motorist coverage.[2]
Plaintiffs claim the definition in the policy of an uninsured highway vehicle is one upon which there existed no liability bond or insurance coverage at the time of the accident or where the highway vehicle was a "hit-and-run vehicle." According to plaintiffs, "hit-and-run" driving is defined under R.S. 14:100 as "the intentional failure of the driver of a vehicle involved in or causing any accident to stop such vehicle at the scene of the accident, to give his identity and to render reasonable aid." (Emphasis added). Plaintiffs argue, therefore, notwithstanding the definition of "hit-and-run vehicle" in the policy as a highway vehicle which causes injury to the insured arising out of "physical contact", because the statute defining hit-and-run driving *71 includes a vehicle involved in an accident or one "causing any accident," the insurance policy restricts the uninsured motorist coverage and circumvents the statute requiring this coverage. Plaintiffs further argue that innumerable other states do not make the requirement of physical contact to invoke uninsured motorist coverage.
We find no merit to these arguments. This court in Collins v. New Orleans Public Service, Inc., supra, was presented squarely with the issues presented to us in the instant case. The language relating to uninsured motorist coverage in the policy in the Collins case is substantially the same language as the policy in our case. The arguments addressed by the plaintiffs in that case were similar to those made in the instant case. This court, in Collins, affirmed the trial court's judgment dismissing plaintiffs' suit on a motion for summary judgment.[3] In the denial of the writ application in the Collins case, the Supreme Court stated:
"On the facts found by the Court of Appeal, there is no error of law in its judgment."
In Oliver v. Jones, 370 So.2d 638 (La. App. 4th Cir. 1979) this court was again confronted with the argument that the "physical contact" provision of the uninsured motorist portion of the policy was contrary to public policy. In the Oliver case, this court's panel cited with approval the holding in the Collins case, and also cited with approval holdings in other circuits which are in accord with the Collins decision.[4] The Supreme Court granted writs in the Oliver case and, in a per curiam opinion affirming our decision, stated:
"Having made a thorough examination of the case, we have concluded that the opinion of the court of appeal, 370 So.2d 638, reaches the correct result. We therefore affirm the judgment of the intermediate court." 376 So.2d 1256.
Because we find the Collins and Oliver decisions controlling of issues raised in the instant appeal, and supportive of the trial court's judgment maintaining the exception of no cause of action, we affirm the judgment of the trial court. However, where a peremptory exception has been maintained opportunity shall be afforded to amend, if a party can remove, by amendment, the objection pleaded. LSA-C.C.P. art. 934.
Accordingly, we remand this matter to permit plaintiffs the opportunity to allege facts[5] indicating that the phantom vehicle was an uninsured highway vehicle as defined in the policy. The assessment of costs is to await final determination of the litigation.
AFFIRMED AND REMANDED.
NOTES
[1] The relevant portions of the policy are as follows:

"Protection Against UNINSURED MOTORISTS COVERAGE: The company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured highway vehicle; * * *"
"`uninsured highway vehicle' means:
(a) a highway vehicle with respect to the ownership, maintenance or use of which there is, in at least the amounts specified by the financial responsibility law of the state in which the insured automobile is principally garaged, no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such vehicle, or with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the same denies coverage thereunder, or (b) a hit-and-run vehicle; * * *"
"`hit-and-run vehicle' means a highway vehicle which causes bodily injury to an insured arising out of physical contact of such vehicle with the insured or with an automobile which the insured is occupying at the time of the accident, provided: (a) there cannot be ascertained the identity of either the operator or the owner of such vehicle;* * " (Emphasis added.)
[2] R.S. 22:1406(D)(1)(a) reads as follows:

"(1)(a) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; provided, however, that the coverage required under this Subsection shall not be applicable where any insured named in the policy shall reject in writing the coverage or selects lower limits. Such coverage need not be provided in or supplemental to a renewal or substitute policy where the named insured has rejected the coverage or selected lower limits in connection with a policy previously issued to him by the same insurer. Any document signed by the named insured or his legal representative which initially rejects such coverage or selects lower limits shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto."
[3] The relevant provisions of the policy in Collins were essentially the same as in this case:

"In pertinent part, the insurance contract in suit: * * *
2. Defines `uninsured automobile' as: `ownership, maintenance or use of which there is, in at least the amounts specified by the financial responsibility law of the state in which the insured automobile is principally garaged, no bodily injury liability bond or insurance policy applicable at the time of the accident * * *; or (2) a hit-and-run automobile as defined; * *'; and
3. Defines `hit-and-run automobile' as follows: `"hit-and-run automobile" means an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident, provided: (1) there cannot be ascertained the identity of either the operator or owner of such "hit-and-run automobile"; * * * ` (Emphasis added)."
[4] See Hensley v. Government Emp. Ins. Co., 340 So.2d 603 (La. App. 1st Cir. 1976); Tyler v. State Farm Mutual Automobile Ins. Co., 290 So.2d 388 (La. App. 2nd Cir. 1974); and April v. Millers Mutual Fire Insurance Co. of Texas, 273 So.2d 50 (La. App. 4th Cir. 1973).
[5] We are aware that plaintiff's petition contains the recital "Plaintiffs aver that John Doe is uninsured." In the context of the other allegations of the petition, however, that averment cannot be accepted as an allegation of fact. Unless plaintiff can allege facts supporting an inference that the phantom driver was uninsured, the uninsured motorist coverage is not applicable.