413 So.2d 244 (1982)
Tisa Mae CARTER
v.
Johnny LEONARD, III., John Doe, and the American Home & National Union Insurance Groups, d/b/a New Hampshire Insurance Company.
No. 12853.
Court of Appeal of Louisiana, Fourth Circuit.
April 7, 1982.
Rehearing Denied May 19, 1982.
Lawrence J. Centola, Jr., Camp, Carmouche, Palmer, Barsh & Hunter, New Orleans, for New Hampshire Ins. Co.
Gerald P. Webre, Kerry P. Camarata, Metairie, for plaintiff-appellant.
Before GULOTTA, CIACCIO and LOBRANO, JJ.
LOBRANO, Judge.
This suit arises out of an automobile accident which occurred on Friday, August 24, 1979, in which plaintiff-appellant, Tisa Mae Carter, was injured. She was a guest passenger in the automobile of Johnny Leonard, and while in route from Baton Rouge to New Orleans on the I-10 Expressway a vehicle driven by an unknown defendant cut off Leonard's automobile forcing him to swerve to the right into the parking lane where he hit an abandoned vehicle. As a result of the impact, plaintiff Tisa Mae Carter was thrown out of the car sustaining injuries for which she now seeks recovery.
Plaintiff brought this suit against Johnny Leonard, III., driver, John Doe, the unknown driver, and New Hampshire Insurance Co., Leonard's liability and uninsured motorist carrier. After taking Leonard's deposition, New Hampshire Insurance Co. moved for a partial summary judgment seeking dismissal of the uninsured motorist claim on the grounds that the policy excludes uninsured coverage when the accident is caused by a "hit and run" vehicle, and there is no physical contact with that vehicle. The trial court granted said motion, and plaintiff perfected this appeal.
The sole and dispositive issue in this appeal is whether Leonard's insurance policy provided coverage for this accident under the terms of the uninsured motorist provisions contained in the policy itself. With reference to the uninsured motorist provisions of the subject policy, the following is pertinent:
"Part IVProtection against Uninsured Motorists
Coverage JUninsured Motorists (Damages for Bodily Injury): To pay all sums which the insured or his legal representative *245 shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called `bodily injury,' sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of both uninsured automobile."
An uninsured automobile is defined in the policy:
"Uninsured automobile includes a trailer of any type and means:
(b) a hit and run automobile."
In turn, a "hit and run" automobile is defined as:
"hit-and-run automobile means an automobile which caused bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident, provided:" (Emphasis added)
Thus the uninsured motorist portion of the policy does not provide coverage when there has been no actual physical contact between the insured vehicle and the "hit and run" vehicle. The evidence is clear that the vehicle which caused Leonard to swerve off the highway did not have physical contact with the Leonard vehicle, and therefore the trial court followed the provisions of the policy.
Appellant argues that the inclusion of the physical contact provision in the uninsured motorist portion of the aforementioned insurance policy is void because it is contrary to public policy. She contends it attempts to circumvent the legislative purpose of L.S.A. R.S. 22:1406(D)(1)(a)[1].
We disagree. In Collins v. New Orleans Public Service, Inc., 234 So.2d 270 (La.App. 4th Cir. 1970); Oliver v. Jones, 370 So.2d 638 (La.App. 4th Cir. 1979), Writs granted, affirmed 370 So.2d 256 (1979) and most recently in Gex v. Doe, 391 So.2d 69 (La. App. 4th Cir. 1980) we were presented squarely with issues similar to those in the instant case. In those cases we held that a physical contact provision in the uninsured motorist portion of an automobile liability policy is not against public policy and does not circumvent the legislative intent of La. R.S. 22:1406. Those cases are dispositive of the issues presented in this case. We cannot agree that the "physical contact" exclusion is against public policy when the legislature allows an insured to lower the limits of his uninsured coverage or reject it in toto. See footnote 1. Appellant argues that the insured must agree in writing to the exclusionary provisions since the statute requires a written waiver by the insured when he desires to reject coverage. We find no merit in this argument, as it would lead to the absurd conclusion that every exclusionary provision of a policy would have to be agreed to in writing by the insured.
Additionally plaintiff contends that the language of the physical contact exclusion is ambiguous and "would practically require him (Leonard) to hire a lawyer *246 to procure automobile liability insurance." We find no merit to this argument. The terms are clear and concise. Further, appellant should keep in mind that she, as a guest passenger, is bound by the terms of the owner-driver's policy. She can have no greater rights than Leonard in that regard.
Since the record completely supports the conclusion that there was no contact whatsoever between the hit and run automobile and Leonard's automobile granting of the motion for the partial summary judgment was proper.
For the above and foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] R.S. 22:1406(D)(1)(a) reads as follows:

"(1)(a) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provision filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; provided, however that the coverage required under this Subsection shall not be applicable where any insured named in the policy shall reject in writing the coverage or selects lower limits. Such coverage need not be provided in or supplemental to a renewal or substitute policy where the named insured has rejected the coverage or selected lower limits in connection with a policy previously issued to him by the same insurer. Any document signed by the named insured or his legal representative which initially rejects such coverage or selects lower limits shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto."