JiDECUIR, Judge.
The Louisiana Supreme Court granted writs of certiorari in this and the companion case of “Keith and Vicky Hall v. USAA Property and Casualty Insurance Co., et al,” and remanded to this court for a full opinion 640 So.2d 1326. Upon careful review, we vacate and set aside the trial court’s judgment in the matter sub judice.
Kenneth Bruner filed suit against USAA Property and Casualty Insurance Company as his uninsured motorist carrier for injuries allegedly sustained as a result of a one-vehicle accident caused by a “phantom” vehicle which crossed the center line of the roadway causing Mr. Bruner to take evasive action by leaving the roadway. Mr. Bruner lost control of his vehicle which flipped over several times before coming to rest. Keith Hall was a passenger in Mr. Bruner’s vehicle at the time of the accident. It is undisputed that there was no physical contact between Mr. Bruner’s vehicle and the alleged “phantom” vehicle. There were no independent eye-witnesses to the accident. The identity of the phantom vehicle’s owner and operator is unknown.
USAA filed motions for summary judgment on the grounds that its policy does not afford uninsured/underinsured motorist coverage because the phantom vehicle never made contact with Mr. Bruner’s vehicle and, therefore, did not meet the policy definition *585 of an “uninsured vehicle”. A similar motion was filed in the Hall case. The trial judge denied the motions. USAA thereafter filed ^applications for writs with this court which were denied. Subsequently, USAA filed applications for writ of certiorari with the supreme court. Writs were granted and both eases remanded to this court for a full opinion.
“Uninsured motor vehicle” is defined in the policy at issue as follows:
“Uninsured motor vehicle” means a land motor vehicle or trailer of any type:
1. To which no bodily injury liability bond or policy applies at the time of the accident.
2. To which a bodily injury liability bond or policy applies at the time of the accident. In this case its limit for bodily injury liability must be less than the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which your covered auto is principally garaged.
3. Which is a hit and run vehicle whose operator or owner cannot be identified and which hits:
a. you or any family member;
b. a vehicle which you or any family member are occupying; or
c. your covered auto. (Emphasis added.)
The contention between USAA and Bruner involves the issue of whether the word “hits” in the policy is sufficient to convey the requirement that there must be physical contact between the phantom vehicle and the insured’s vehicle. We find that the language of the policy is clear and unambiguous and the policy issued to Mr. Bruner only provides coverage for a “hit and run” accident when there is a “hit,” i.e. a physical contact between the insured’s vehicle and the phantom vehicle. The term “hit” was used in the policy under consideration in Bonis v. Commercial Union Insurance Co., 482 So.2d 1017 (La.App. 3d Cir.1986), wherein this court stated:
The facts are simple and undisputed. Plaintiff alleges that a vehicle operated by an unknown driver forced Mrs. Bonis off the roadway and caused her vehicle to strike a tree. Her husband, plaintiff, who was a guest passenger in her car, was injured. There was no physical contact between the two vehicles. Mrs. Bonis’ insurance policy provided uninsured motorist coverage for an accident involving “a hit or run vehicle whose operator or owner cannot be identified and which hits ” the insured vehicle. Therefore, the terms of the insurance policy excluded from coverage an accident such as the one which is the subject of this suit in which there was no physical contact between the “hit and run” vehicle and the insured vehicle.
This court’s decision in Bonis, supra, is bolstered by the jurisprudence of this state. See Collins v. New Orleans Public Service, Inc., 234 So.2d 270 (La.App. 4th Cir.), writ ref., 256 La. 375, 236 So.2d 503 (1970); Tyler v. State Farm Mutual Automobile Ins. Co., 290 So.2d 388 (La.App.2d Cir.1974). See also Thibodeaux v. Doe, 602 So.2d 1076 (La.App. 1st Cir.), writ denied, 605 So.2d 1377 (La.1992); Kellams v. Oliver, 595 So.2d 331 (La.App. 3d Cir.), writ denied, 596 So.2d 556 (La.1992).
We conclude that the term “hits” as used in the policy involved in the case sub judice is indistinguishable from the use of this term in Bonis, supra. The trial court erred in failing to grant summary judgment in favor of USAA as to Mr. Bruner’s claim for benefits under the terms of the uninsured/underin-sured motorist provisions of the policy issued by USAA to Mr. Bruner.
WRIT GRANTED AND MADE PEREMPTORY: The trial court erred in failing to grant defendant-relator, USAA Property and Casualty Insurance Company, summary judgment. ACCORDINGLY, IT IS ORDERED that the trial court’s ruling denying the motion for summary judgment filed by USAA is vacated and set aside and judgment is hereby rendered granting summary judgment in favor of USAA and against Kenneth E. Bruner, dismissing Bruner’s suit with prejudice. All costs are taxed to plaintiff-respondent.