**Beth R. THROESCH, Plaintiff,**

v.

**UNITED STATES FIDELITY & GUARANTY COMPANY, Defendant.**

**No. 3:98CV00462 WRW.**

United States District Court,
E.D. Arkansas,
Jonesboro Division.

Feb. 10, 2000.

Dick A. Jarboe, Attorney at Law, Walnut Ridge, AR, for Beth R. Throesch, plaintiff.

Robert D. Trammell, Gill Allen Rogers, Trammell Law Firm, Little Rock, AR, for St. Paul Fire & Marine Insurance Company fka United States Fidelity & Guaranty Company, defendant.

## ORDER

WILSON, District Judge.

Pending before the Court is Defendant's Motion for Summary Judgment (Doc. No. 26), and Plaintiff's Response (Doc. No. 35). Telephone conferences regarding the issues discussed below were held on January 5, 2000, and January 10, 2000. The Motion is GRANTED in part and DENIED in part.

## I. Background

On August 26, 1997, plaintiff was traveling on U.S. Highway 67 when another vehicle allegedly crossed the center line into her lane. In order to miss the other vehicle, plaintiff drove off the shoulder of the road and lost control of her vehicle, which overturned and rolled, damaging the vehicle and injuring the plaintiff. Two people witnessed the accident and support plaintiff's version of the wreck.

The driver of the other vehicle did not stop and identify himself, and plaintiff's attempts to locate him have been fruitless. There is no evidence that plaintiff's vehicle and that of the unknown driver contacted one another.

At the time of the accident, plaintiff was covered by an automobile liability insurance policy (the policy) issued by United States Fidelity & Guaranty Company (defendant). The policy contained an uninsured motorist provision (UM provision) which provided coverage for damages caused by an "uninsured motor vehicle." The policy defined an uninsured motor vehicle as a land motor vehicle or trailer of any type:

1. To which no bodily injury liability bond or policy applies at the time of the accident.

... [or]

3. Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits:

   a. You or a "family member";

   b. A vehicle which you or any "family member" are "occupying", or

   c. "Your covered auto".

An Arkansas statute creates a presumption that a motorist is uninsured if he fails to file an accident report as required in Ark.Code Ann. § 27–19–503 (Michie repl. 1994).

> There shall be a presumption created that a motorist who has failed to file, or caused to be filed in his behalf, within ninety (90) days of the date of an accident, a certificate proving he is insured in at least minimum insurance limits as required by law, is uninsured, and any person alleging or contending that the motorist is insured shall have the burden of proving that coverage.

Ark.Code Ann. § 27–19–503.

The defendant has filed a Motion for Summary Judgment arguing: first, that the "hit-and-run" provision of the policy requires physical contact; second, that Ark.Code Ann. § 27–19–503 does not create a presumption that the unknown driver *and* the automobile he was driving were uninsured; third, that Ark.Code Ann. § 27–19–503 is inapplicable to uninsured motorist claims; and fourth, that Ark.Code Ann. § 27–19–503 is unconstitutional.

## II. Analysis

### A. Policy Language

Whether coverage exists for the Plaintiff under the "hit-and-run" provision of the policy depends on whether the phrase "which hits" is ambiguous. The determination of whether an ambiguity in an insurance policy exists rests with the

court. *See Allstate Ins. Co. v. Burrough,* 914 F.Supp. 308, 311 (W.D.Ark.1996) (citations omitted). To determine whether a term in an insurance policy is ambiguous, there must be a determination that the term is susceptible to more than one reasonable interpretation. *See id.* When a policy provision is deemed ambiguous, the court must resolve that ambiguity and construe the policy liberally in favor of the insured and strictly against the insurer. *See id.* Obviously, however, the court cannot rewrite the policy or find an ambiguity that does not exist. *See id.*

■■■ The policy here defines an uninsured motor vehicle as a hit-and-run vehicle "which hits." Defendant asserts this means a motor vehicle accident involving physical contact. Plaintiff contends that "hit" is ambiguous and could include an accident without physical contact.

There is no Arkansas case law interpreting "which hits;" however, the Court of Appeal of Louisiana has examined an insurance policy which contained this same language. *See Bruner v. USAA Property & Casualty Ins. Co.,* 649 So.2d 584 (La. App.1994). The court in *Bruner* held:

> We find that the language of the policy is clear and unambiguous and the policy issued to Mr. Bruner only provides coverage for a "hit and run" accident when there is a "hit," i.e. a physical contact between the insured's vehicle and the phantom vehicle.

*Id.* at 585.

Plaintiff cited several cases from other jurisdictions which held that the phrase "hit-and-run" was ambiguous and, thus, the policies did not necessarily require physical contact. *See Hartford Accident & Indem. Co. v. Novak,* 83 Wash.2d 576, 520 P.2d 1368 (1974); *Pin Pin H. Su v. Kemper Ins. Cos.,* 431 A.2d 416 (R.I.1981); and *Royal Ins. Co. v. Austin,* 79 Md.App. 741, 558 A.2d 1247 (1989). None of those cases, however, involved interpreting wording similar to that of the policy at issue here. The policy here clarifies "hit-and-run" (if

there is an ambiguity). It provides coverage for a "hit-and-run vehicle ... which hits."

The Court agrees with the Louisiana Court of Appeal's interpretation. The language of the policy is clear. The hit-and-run vehicle must hit the plaintiff for coverage under the "hit-and-run" provision of the policy to apply.

■■■ Plaintiff argues the requirement of physical contact is unconscionable because plaintiff reasonably expected she would have uninsured motorist coverage in this situation and the definition is unconscionably written to avoid liability, even where there are disinterested witnesses to testify regarding fault, merely because there was no contact.

While the Arkansas Supreme Court has not addressed this specific argument, it has held that an insurance policy does not violate public policy when it requires physical contact before providing coverage under a hit-and-run provision. *See Ward v. Consolidated Underwriters,* 259 Ark. 696, 699, 535 S.W.2d 830, 832 (1976). The policy in *Ward* provided coverage for bodily injuries "arising out of physical contact" with a hit-and-run vehicle. *See id.* at 697, 535 S.W.2d at 831. The Arkansas Supreme Court held this provision actually afforded the plaintiff greater rights than the uninsured motorist statute required. *See id.* at 698–99, 535 S.W.2d at 832. Under Arkansas law, the plaintiff ordinarily bears the burden of proving the other car was uninsured. *See id.* at 698, 535 S.W.2d at 831. The policy in *Ward* provided that the plaintiff did not have to prove the other motorist was uninsured in a hit and run situation where the plaintiff was actually hit. *See id.* at 698, 535 S.W.2d at 832.

Likewise, the policy here provides that where the plaintiff can prove she was hit and that the operator or owner of the vehicle cannot be identified, the plaintiff has met her burden of establishing coverage. This does not mean, however, that the plaintiff does not have insurance cover-

age unless she was hit. It simply means that where the plaintiff was not hit, the plaintiff bears her ordinary burden of proving the other car was uninsured.

The language of the policy is clear, and, in view of *Ward, supra,* this Court does not believe the Arkansas Supreme Court would view it as unconscionable. Defendant's Motion for Summary Judgment on this point is GRANTED.

## B. Presumption of Uninsured Status

### 1. The Driver *and* the Automobile Are Presumed to Be Uninsured.

■ Under the Motor Vehicle Safety Act, the driver of a vehicle which is involved in an accident within this state is required, under certain circumstances, to report the accident within 30 days to the Department of Finance and Administration on a form approved by that office. *See* Ark.Code Ann. § 27–19–501 (Michie repl.1994). As noted above, Ark.Code Ann. § 27–19–503 provides:

> There shall be a presumption created that a motorist who has failed to file, or caused to be filed in his behalf, within ninety (90) days of the date of an accident, a certificate *proving he is insured* in at least minimum insurance limits as required by law, is uninsured, and any person alleging or contending that the motorist is insured shall have the burden of proving that coverage.

(emphasis added).

Defendant argues this only creates the presumption that the driver of the vehicle does not have any insurance and that it does not address whether the vehicle was covered by insurance.

> Where the language of a statute is plain and unambiguous, we give the language its plain meaning.... However, when the statute is ambiguous, we must give effect to the intent of the legislature in adopting the statute.... As far as practicable, we must give effect to every part of the statute, reconciling the different

provisions to make them consistent, harmonious, and sensible.

*McGee v. Armorel Pub. Schs.,* 309 Ark. 59, 63, 827 S.W.2d 137, 139 (1992).

Ark.Code. Ann. § 27–19–507 states "the driver or the owner of the vehicle involved in the accident shall furnish any additional revenue information as the office may require." Further, the report required by Ark.Code Ann. § 27–19–501 is designed to aid the office in determining whether the requirements for the deposit of security are inapplicable by reason of the existence of insurance or other exceptions specified in the Act. *See* Ark.Code Ann. § 27–19–502 (Michie repl.1994). Security does not have to be provided where an insurance policy covers *either* the driver or the owner of the automobile. *See* Ark.Code Ann. § 27–19–604 (Michie repl.1994). To hold Ark. Code Ann. § 27–19–503 only creates the presumption that the driver himself, and not the automobile owner as well, is uninsured would not two-block with the subsequent sections of the Code and would defeat the plain purpose of the law.

■ Additionally, the Department of Finance and Administration's interpretation of the statute must be given consideration. If an administrative agency's interpretation of a statute is reasonable, courts must respect that interpretation, especially if the interpretation enhances the general purpose and policies underlying the legislation. *See Murphy Oil Corp. v. Hickel,* 439 F.2d 417, 422 (8th Cir.1971).

The form on which such accidents are to be reported, and which is approved by the Department of Finance and Administration, requires verification of liability insurance and instructs:

> 28. If a policy of automobile liability insurance covering you *as owner or operator* was in effect at the time of the accident, contact the agent of your liability carrier at once and have him complete the items below.

Arkansas Motor Vehicle Accident Report (SR–1) (emphasis added).

The driver may prove he is insured *either as an owner or an operator*. Thus, it may either be through a policy on himself or a policy on the automobile which he was driving. If he fails to file a report proving he is insured, the statute invokes a presumption that he is uninsured both as an owner and an operator.

If Ark.Code Ann. § 27–19–503 were construed as Defendant contends (with the presumption being applicable to the driver only), the basic purpose of the statute would be eviscerated. The presumption statute, as explained more fully below, was enacted so that a plaintiff would not have to go to the trouble of locating the driver of the other automobile (who did not fill out the appropriate papers) in order to prove that he and the other vehicle were uninsured. If the presumption were not applicable to the vehicle, a plaintiff would virtually always have to go to the same trouble as if there were no presumption.

Defendant's Motion for Summary Judgment on this point is DENIED.

### 2. The Presumption Is Applicable to the Facts of this Case.

■ Defendant argues that the presumption in Ark.Code Ann. § 27–19–503 applies only for purposes of the Motor Vehicle Safety Responsibility Act and not the Uninsured Motorist Act. Defendant further argues the purpose of the presumption statute is to allow the Arkansas Department of Finance and Administration (ADF & A) to proceed in taking action against a driver who fails to file proof of insurance after an accident, such as suspending his license or fining him.

The Court can find no case law on this point and must rely on general rules of statutory construction. As noted previously, when construing a statute, courts must give the language of a statute its plain meaning. Where the statute is ambiguous, courts must look at the act as a whole and reconcile the different provisions so as to make them consistent, harmonious, and sensible, and courts must give effect to the intent of the legislature. *McGee v. Armorel Pub. Schs.*, 309 Ark. 59, 63, 827 S.W.2d 137, 139 (1992). An examination of the presumption statute, using these rules of statutory construction, makes it clear that the statute was not intended to be as narrowly construed as Defendant argues.

First, when giving the statute its plain meaning, it is apparent that the statute was intended to apply beyond the narrow bounds of the Motor Vehicle Safety Act. Ark.Code Ann. § 27–19–503 provides:

> There shall be a presumption created that a motorist who has failed to file, or caused to be filed in his behalf, within ninety (90) days of the date of an accident, a certificate proving he is insured in at least minimum insurance limits as required by law, is uninsured, and *any person* alleging or contending that the motorist is insured shall have the burden of proving that coverage.

(emphasis added). There is nothing in § 27–19–503 to indicate, as Defendant argues, that its purpose is to allow the ADF & A to proceed with suspending the driver's license or fining him. In fact, the use of the description "any person" indicates the statute applies to a broader base of persons than simply the ADF & A. The statute was designed to shift the burden of proof in a litigation setting.

Second, Defendant's narrow interpretation would lead to conflict and contraction within the Motor Vehicle Safety Responsibility Act. Another section within the Act specifically provides the authority to suspend licenses and issue fines. See Ark. Code Ann. § 27–19–508, which provides:

> The office is authorized, in its discretion, to suspend the license of any person who fails to report an accident or to give correct information in connection with the report as required by the office....

Also, if Defendant's argument were true, the Act would provide two different time periods for the same action. The report referred to in Section 508 is the report required in Section 501 which must be filed

within 30 days of an accident. *See* Ark. Code Ann. § 27–19–501. The presumption statute provides a person is not presumed uninsured until after 90 days have passed.

Finally, legislative intent must be considered. The presumption was added to the law in 1973. *See* 1973 Ark.Acts 334. Arkansas does not publish legislative history; however, the Court was able to locate a transcript of the January 17, 1973, Arkansas Bar Association's House of Delegates meeting during which the bill which was to become Act 334, and would later be codified at Ark.Code Ann. § 27–19–503, was presented to the House for approval and subsequent presentation to the Arkansas General Assembly. *See* Exhibit A, Transcript of Proceedings of the Arkansas Bar Association House of Delegates (Jan. 17, 1973) (also marked as Exhibit A to the January 10, 2000, telephone conference held in this action). The proposal was explained to the Arkansas Bar Association as follows:

President Woods:[1] Bill Wilson, would you come up to the front and explain the Uninsured Motorists' Bill.

Bill Wilson is our legislative liaison representative and he's been doing a fine job. He got a couple of bills passed the other day.

Mr. William R. Wilson, Jr.:[2] I don't know if I can explain it or not. Is this Dale Price's bill?

President Woods: Yes. It's a bill on a presumption or uninsured motorists.

Mr. William R. Wilson, Jr.: It's on page 4 under B.2.a, about the middle of the page.

This act, incidentally, is drafted by Dale Price, and it simply provides that in a case where you have the question of the uninsured motorist, if he didn't file the appropriate papers with the Revenue Department that you have to file when you have an accident, that there will be a rebuttable presumption that he was uninsured. As you know, in an uninsured motorist case you can get to the courthouse and ready to go to trial and this can be a substantial burden to prove that that guy who is now in California or Detroit City or somewhere was uninsured at the time and you may have to go there—as a matter of fact, I believe Mr. Woods had a case where he had to go to Kansas City and take a guy's deposition, one of these deadbeats, and they are hard to run down even if you are in the same city.

This act would simply provide a rebuttable presumption that he was uninsured if he didn't file the appropriate papers with the Revenue Department.

President Woods: Do I hear a motion that we approve this bill?

Mr. Gerald P. Brown: So move.

Mr. Winslow Drummond: Second

President Woods: Any discussion? Any questions?

Mr. Thomas B. Tinnon: Question.

President Woods: All in favor say "aye." (Response: "Aye.")

President Woods: Opposed. (No response.)

Exhibit A, Transcript of Proceedings of the Arkansas Bar Association House of Delegates (Jan. 17, 1973). The proposal was unanimously endorsed by the House of Delegates.

The Arkansas Bar Association, in its approval of the proposal and agreement to sponsor it in the Arkansas General Assembly, obviously intended for the presumption to apply beyond the boundaries of the Motor Vehicle Safety Act, and the proposal was introduced by three legislators (each a member of the Arkansas Bar Association) as House Bill 56. *See* Exhibit B (House Bill 56).

---

1. Then Arkansas Bar President Henry Woods; now United States District Judge for the Eastern District of Arkansas (Senior Status).

2. Then Arkansas Bar Association lobbyist; now "this Court."

The bill was presented to the Arkansas General Assembly as:

An Act to Amend Section 18 of Article III of Act 347 of 1953 [Arkansas Statutes Section 75–1418] Relating to Reporting Motor Vehicle Accidents; to Create a Presumption that Any Motorist who Fails to File a Report Pursuant to This Act Is Uninsured; and for Other Purposes.

Title to 1973 Ark.Acts 334.

The General Assembly passed the bill and then-Governor Dale Bumpers signed Act 334 into law on March 15, 1973. *See* Exhibit B.

Section 1 of the Act added the presumption language which is now codified at Ark.Code Ann. § 27–19–503. There is no indication in the Act that the presumption was intended to be limited to the Motor Vehicle Safety Act. In fact, Section 2 of the Act states: "*All* laws and parts of laws in conflict herewith are hereby repealed." *See* 1973 Ark.Acts 334 (emphasis added).

This may be contrasted with later modifications of the Motor Vehicle Act. In 1975, no changes were made to the presumption language, but other parts of the Act were modified, and on that occasion, the Legislature stated in the emergency clause of that Act that the changes were necessary "to assure the proper and efficient enforcement and administration of the Motor Vehicle Safety Responsibility Law." *See* 1975 Ark.Acts 1007, § 15.

By giving the statute is plain meaning, by construing the Act as a whole and reconciling the provisions to make them consistent and harmonious, and by giving effect to the apparent intent of the legislature, it is clear that Ark.Code Ann. § 27–19–503 creates a presumption of "uninsured" status which extends beyond the narrow purposes of the Motor Vehicle Safety Act to the lawsuit at hand. Defendant's Motion for Summary Judgment on this point is DENIED.

## 3. The Presumption Statute Is Not Unconstitutional.

Alternatively, Defendant argues that the presumption statute is unconstitutional. Defendant argues "presumptions must be consistent with, and rationally relate to, a legitimate governmental purpose of placing the burden of production on the party with the greatest access to relevant information." *See* Defendant's Brief in Support of Motion for Summary Judgment (Doc. No. 27). While a statute may be held constitutional because it places the burden of production on the party with greatest access to the relevant information, *see Ester v. Nat'l Home Centers, Inc.,* 335 Ark. 356, 981 S.W.2d 91 (1998), the Arkansas Supreme Court set forth the actual test for constitutionality in *McLane Co. v. Weiss,* 332 Ark. 284, 965 S.W.2d 109 (1998).

In *McLane,* the Arkansas Supreme Court recognized the well settled rule that statutes are presumed constitutional and explained that a statutory presumption is constitutional if there is a rational connection between the fact proved and the fact presumed. *See id.* at 297, 965 S.W.2d at 114.

Thus, Ark.Code Ann. § 27–19–503 is constitutional if there is a rational connection between the proof that a person has not filed a certificate of insurance as required by law and the presumption that the person is therefore uninsured. It is not unreasonable to conclude that, more likely than not, one who fails to file proof of insurance as required by law does not do so because he is, in fact, uninsured. Therefore, the presumption statute is not unconstitutional.

Defendant next argues the presumption statute is unconstitutional because it violates the separation of powers doctrine set forth in Article IV, Section 1 of the Arkansas Constitution. In Ark. Code Ann. § 16–11–302, the Arkansas General Assembly gave the Arkansas Supreme Court the power to "prescribe ... rules of pleading, practice, and procedure

with respect to any and all proceedings in civil cases in all courts in this state." Ark. Code Ann. § 16–11–302 (Michie repl.1994). Where there are conflicts between the Arkansas Supreme Court and the Arkansas General Assembly, the Supreme Court of Arkansas has stated:

> [W]e give full effect to legislation in an area of procedure or practice we have not preempted by rule and will defer to the general assembly where a court rule conflicts with a public policy adopted by legislative act or as part of the constitution.

*Lyons v. Forrest City Mach. Works, Inc.*, 301 Ark. 559, 563, 785 S.W.2d 220, 222 (1990).

Here, defendant has pointed to no rules of civil procedure which conflict with the presumption created by the Arkansas General Assembly in Ark.Code Ann. § 27–19–503. Where there is no conflict, the Arkansas Supreme Court would give full effect to the legislation, and this Court must do likewise. The presumption statute is not unconstitutional based on any separation of powers concerns.

Defendant's Motion for Summary Judgment on these points is DENIED.

### III. Conclusion

Defendant's Motion for Summary Judgment is GRANTED as to the requirement that the plaintiff be able to show an actual hit before being entitled to make a claim under the hit and run provision of the policy. Defendant's Motion for Summary Judgment is DENIED as to all remaining points.

## EXHIBIT A

**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
600 W. CAPITOL, ROOM 149
LITTLE ROCK, ARKANSAS 72201
(501) 324-6863
FAX (501) 324-6869

BILL WILSON
JUDGE

*David*
*FYI*

*Counte of 1*

January 7, 2000

Mr. Dick Jarboe
P.O. Box 549
Walnut Ridge, AR 72476

Mr. Gill A. Rogers
10809 Executive Center Dr.
Little Rock, AR 72211

> Re:    Throesch v. United States Fidelity & Guaranty Co.
>         (No.: J-C-98-462)

Gentlemen:

Attached is an excerpt from the January 17, 1973 Proceedings of the Arkansas Bar Associations's House of Delegates meeting.

As you will see, it pertains to Ark. Code Ann. § 27-19-503.

Can I rely on this transcript as some sort of "legislative history"?

Please charge your mind with this issue and we will discuss it during the telcon at 4:00 p.m. today.

Cordially yours,

Wm. R. Wilson, Jr.

WRW/nmd

Enclosure

cc:    Mr. James W. McCormack, Clerk of Courts

EXHIBIT
A

944

(Response: "Aye.")

PRESIDENT WOODS: Thank you, Winslow.

Bill Wilson, would you come up to the front and explain the Uninsured Motorists' Bill.

Bill Wilson is our legislative liason representative and he's been doing a fine job. He got a couple of bills passed the other day.

MR. WILLIAM R. WILSON, JR.: I don't know if I can explain it or not.

Is this Dale Price's bill?

PRESIDENT WOODS: Yes. It's a bill on a presumption of uninsured motorists.

MR. WILLIAM R. WILSON, JR.: It's on page 4 under B.2.a, about the middle of the page.

This act, incidentally, is drafted by Dale Price, and it simply provides that in a case where you have the question of the uninsured motorist, if he didn't file the appropriate papers with the Revenue Department that you have to file when you have an accident, that there will be a rebuttable presumption that he was uninsured. As you know, in an uninsured motorist case you can get to the courthouse and ready to go to trial and this can be a substantial burden to prove that that guy who is now in California or Detroit City or somewhere was uninsured at the time and you may have to go there -- as a matter of fact, I believe

25

Mr. Woods had a case where he had to go to Kansas City and take a guy's deposition, one of these deadbeats, and they are hard to run down even if you are in the same city.

This act would simply provide a rebuttable presumption that he was uninsured if he didn't file the appropriate papers with the Revenue Department.

PRESIDENT WOODS: Do I hear a motion that we approve this bill?

MR. GERALD P. BROWN: So move.

MR. WINSLOW DRUMMOND: Second.

PRESIDENT WOODS: Any discussion?

Any questions?

MR. THOMAS B. TINNON: Question.

PRESIDENT WOODS: All in favor say "aye."

(Response: "Aye.")

PRESIDENT WOODS: Opposed.

(No response.)

PRESIDENT WOODS: Bob, would you come up and explain the Subrogation Bill that we had this morning. I don't think they have a copy of it, do they?

MR. ROBERT D. ROSS: I believe there is a copy in the folder. It's the one with the Branch, Adair and Thompson letterhead on the top.

This proposal would amend Arkansas Statute 66-4001 which provides for subrogation of injured persons

946

# EXHIBIT B

State of Arkansas
Sixty-Ninth General Assembly
Regular Session, 1973

## A Bill

HOUSE BILL 56

By: REPRESENTATIVE WINDSOR
REPRESENTATIVE MAHONEY
REPRESENTATIVE RUDY MOORE, JR.

### For An Act To Be Entitled

"AN ACT TO AMEND SECTION 18 OF ARTICLE III. OF ACT 347 OF 1953 [ ARKANSAS STATUTES SECTION 75-1418] RELATING TO REPORTING MOTOR VEHICLE ACCIDENTS; TO CREATE A PRESUMPTION THAT ANY MOTORIST WHO FAILS TO FILE A REPORT PURSUANT TO THIS ACT IS UNINSURED; AND FOR OTHER PURPOSES."

BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF ARKANSAS:

SECTION 1. Section 18 of Article III. of Act 347 of 1953, the same being Arkansas Statutes Section 75-1418 is hereby amended to read as follows:

"Section 18. The driver of a vehicle of a type subject to registration under the motor-vehicle laws of this State which is in any manner involved in an accident within this State, which accident has resulted in damage to the property of any one person in excess of $100, or in bodily injury to, or in the death of, any person, shall within 5 days after such accident report the accident on a form approved by the commissioner to the office of the department subject to the exceptions provided in Sections 20 and 26 of this article. From and after the passage of this Act there shall be a presumption created that a motorist, who has failed to file or caused to be filed in his behalf within 90 days of the date of an accident a certificate proving he is insured in at least minimum insurance limits as required by law, is uninsured and any person alleging or contending that such motorist is insured shall have the burden of proving such coverage."

SECTION 2. All laws and parts of laws in conflict herewith are hereby repealed

MAR 15 1973
APPROVED BY _____ GOVERNOR

EXHIBIT
B