Southern Farm Bureau Casualty Insurance
Company v. Mrs. Emil (Betty) Gottsponer

5-4739                                         434 S.W. 2d 280

Opinion Delivered December 2, 1968

*Cockrill, Laser, McGehee, Sharp & Boswell* for appellant.

*Felver A. Rowell, Jr.* for appellee.

Carleton Harris, Chief Justice.    On May 2, 1967, appellee, Mrs. Emil (Betty) Gottsponer, individually, and as mother and next friend of Marsha Gottsponer, a minor, instituted suit against appellant, Southern Farm Bureau Casualty Insurance Company, seeking a total judgment in the amount of $9,900.00.    The complaint alleged that the company had issued a policy of insurance to appellee's husband, insuring him, Mrs. Gottsponer, and their minor daughter, Marsha, against bodily injuries and property damages sustained by reason of loss incurred from any uninsured motorist.    It was as-

serted that about the 28th of February, 1967, Mrs. Gotts-
poner was driving an insured automobile, within the
terms of the policy, when she was negligently struck by
James Ross, an uninsured motorist, and, together with
her daughter, suffered serious personal injuries.    The
company answered, admitting that it had issued the pol-
icy of insurance to Mr. Gottsponer, that premiums had
been paid, and that the coverage existed for the spouse
and minor daughter.    Appellant also admitted the oc-
currence of the accident, but denied other allegations,
including appellee's assertion that Ross was the driver
of an uninsured automobile.    Further, appellant filed
a third party complaint against Ross, as follows:

"That under the automobile policy here above
referred to the policy provides that the company
upon payment of any loss covered under this policy
shall succeed to all the rights of recovery of the in-
sured or any other person in whose behalf payment
is made.

"The Defendant, Southern Farm Bureau Cas-
ualty Insurance Company, alleges that if the Plain-
tiffs are entitled to recover anything then the com-
pany is entitled to a judgment over and against the
Defendant, James Ross, for any amounts that they
pay the Plaintiffs under the terms of the uninsured
motorist clause and in the event that a judgment is
entered against the Defendant, Southern Farm
Bureau Casualty Insurance Company, the company
should be given a judgment over and against James
Ross in that amount.

"Wherefore the Defendant prays for a judg-
ment over and against James Ross as prayed for
in the original complaint."

Thereafter, Ross filed an answer to this complaint,
denying each and every material allegation, and also
denying each and every material allegation of the Gotts-

poner complaint. On trial, Mr. and Mrs. Gottsponer testified, as did Richard Branch, a trooper with the Arkansas State Police. These are the only witnesses whose testimony is included in the record. At the conclusion of appellee's case, counsel for appellant made the following motion beyond the presence of the jury:

> "The defendant, Southern Farm Bureau Casualty Insurance Company, at the conclusion of the plaintiff's case and after plaintiff having announced they rest, move for a directed verdict for the reason that there is no evidence in the record that James Ross was an uninsured motorist; and the policy specifically provides that this coverage used as the basis for this lawsuit is conditioned upon the policy holder, that insured be involved in an accident with an uninsured motorist, or an uninsured vehicle."

Counsel for Ross also moved for a dismissal on the grounds that there was no testimony identifying him as the driver of the other vehicle involved in the accident. The court denied both motions, and no further evidence was offered. The jury returned a verdict in favor of Mrs. Gottsponer against appellant in the amount of $4,-000.00, and from the judgment so entered, comes this appeal. For reversal, it is simply asserted that the trial court erred in refusing appellant's motion for a directed verdict.

The company's position is predicated on the contention that there was no substantial evidence offered that Ross was the driver of an uninsured automobile within the meaning of Ark. Stat. Ann. § 66-4003 (Repl. 1966)[1]. This fact is not disputed by appellee, but she asserts that the fact that Ross was an uninsured motor-

---

[1]This section is a part of Act 464, enacted by the General Assembly of 1965, and entitled, "An Act to Provide Requirements for Uninsured Motor Vehicle Insurance Coverage; to Define 'Uninsured Motor Vehicle'; and for Other Purposes."

ist was admitted by appellant in its answer, and further, that the third party pleading filed by the company admitted the coverage; that these admissions made out a *prima facie* case for appellee as far as this question was concerned, and the burden was on appellant to prove otherwise.

We do not agree. The answer only admits that the policy of insurance was issued, and was in force at the time of the accident, but there is nothing in the answer which admits that Ross was the driver of an uninsured automobile; in fact, this was denied by both appellant and Ross.

Nor does the third party complaint afford appellee any relief, for it will be observed that the company's allegation is, "*If* the plaintiffs are entitled to recover anything, then the company is entitled to judgment over and against the defendant, James Ross. * * *" Certainly, there is nothing at all in this pleading that even alleges, let alone admits, that Ross was an uninsured motorist. The burden was on appellee to establish this fact. Though we have had no cases on this point, two cases from other states are cited by appellant, wherein the court held that it had not been established as a fact that the third party was an uninsured motorist[2]. In those cases, some evidence was offered to establish that fact; here, there was no evidence offered at all on that question, though Ross was in the courtroom during the trial. Since the issue of whether Ross was an uninsured motorist was controverted, the burden was upon appellee to make this proof, and it is thus necessary that this judgment be reversed.

Appellant argues that the judgment should be reversed and the cause dismissed, but we do not agree with that contention. In *Hayes Brothers Flooring Com-*

[2]Levy v. American Automobile Insurance Company (Appellate Court of Illinois, First District, Second Division), 175 N.E. 2d 607; Ross v. Hardware Mutual Casualty Company of Stevens Point, Wisc. (Supreme Court, Kings County, N.Y.), 173 N.Y.S. 2d 941.

*pany* v. *Carter, Admx.,* 240 Ark. 522, 401 S.W. 2d 6, this court said:

> "Appellant asks that we reverse and dismiss, but, after due consideration, we think it is possible that the case has not been fully developed. In fact, our ordinary procedure in reversing judgments in law cases is to remand for another trial, rather than dismiss the cause of action. It is only where it clearly appears that there can be no recovery that we consider it proper to dismiss the cause. [Citing cases.]"

We then pointed out that, though the record did not contain substantial evidence of liability on the part of appellants, it appeared that such evidence might well be completely developed, and the case was remanded for another trial. See also the more recent case of *St. Louis Southwestern Railway Company* v. *Earl B. Clemons,* 242 Ark. 707, 415 S.W. 2d 332, where we said:

> "The reversal at hand is based on failure of proof. It is not impossible that the defects in proof could be supplied on retrial."

Appellant says that the latter case, as well as the cases cited therein, "stand for the proposition that when this court is confronted with a case of such nature that *simple justice would require that a cause be remanded* to the trial court for further evidence, then this court will remand. The particular issue involved in the *Clemons* case was whether or not plaintiff had proved willful and wanton negligence. At the trial plaintiff had attempted to prove such negligence unlike the instant action where plaintiff refused to introduce any evidence on the point."

If James Ross was an uninsured motorist, we think simple justice would require that this cause be remanded, for it is undisputed that Gottsponer paid for

this coverage, and he and the members of his family are entitled to it. The status of Ross (whether insured or uninsured) can certainly be ascertained, and there is no reason why the cause cannot be fully developed on retrial.

Reversed and remanded.

FOGLEMAN, J., concurs.