SOUTHWESTERN UNDERWRITERS INSURANCE COMPANY *v.* MARK P. MILLER

5-6244                                                  493 S.W. 2d 432

Opinion delivered April 30, 1973
[Rehearing denied June 4, 1973.]

*Ball, Gallman & Martin,* for appellant.

*Shelby R. Blackmon* and, of Counsel, *James R. Pate,* for appellee.

FRANK HOLT, Justice. This appeal stems from a judgment adverse to the insurer appellant under an uninsured motorist provision in its automobile policy issued to the insured appellee. The appellee was injured in a collision involving a car operated by Evins Cogshell and owned by Ethel Norrell. Cogshell and Norrell were named as co-defendants with the appellant. The appellant admitted the accident and coverage of the appellee's automobile but denied liability under the uninsured motorist provision. Cogshell and Norrell filed a general denial and failed to appear at the trial. The jury, in response to interrogatories, found that Cogshell was driving an uninsured automobile at the time of the accident and assessed damages of $10,000 plus interest, penalty, attorney fees and costs in favor of the insured appellee and against Cogshell and the appellant insurer. Cogshell does not appeal.

For reversal the appellant first contends the "lower court erred in admitting testimony of the appellee concerning a conversation between the appellee and the driver [Cogshell] of the allegedly uninsured vehicle." We quote from the pertinent part of the transcript:

"Q. Now, Rev. Miller, this is what's called an uninsured motorist case. Did this fellow, Cogshell, that you had the collision with, did he have any insurance?

MR. MARTIN:

Objection.

THE COURT:

You are objecting, are you, Mr. Martin? On what grounds?

MR. MARTIN:

I don't think he's laid any foundation for the basis of this man's knowledge.

THE COURT:

You will have to establish that he has reason to know whether or not Mr. Cogshell had insurance, I suppose, Mr. Blackmon.

Q. Did you have occasion to talk to Cogshell about his insurance?

A. Imediately after the accident, I asked him if he had any insurance.

Q. What did he tell you?

MR. MARTIN:

Objection.

THE COURT:

He may answer this, this is the defendant himself responding and inasmuch as the insurance company is involved in this lawsuit by virtue of the uninsured motorist provision, it stands in the same shoes as the insured. I think he could make the declarations, in other words, as against the interests of the insurance company. The objection will be overruled.

Q. What did he tell you?

A. He told me that it was his mother's car, that they had just bought it. That he had insurance to fix my car up and said, 'You've got insurance to fix my car up if you say you've got insurance.' So, I asked them where they bought the car and he told me at Twin City Motors and I called them on the telephone and said, 'I remember selling the car but we didn't sell him any kind of insurance.' I went back and talked to him and he said. . .

MR. MARTIN:

Objection.

THE COURT:

You can't testify what the man at Twin City Motors may have told you, that is hearsay, they are not parties to this lawsuit. That part of the testimony of this witness will be disregarded by the members of the jury.

Q. You made inquiry about his insurance, did you not?

A. Yes, sir.

Q. Did you talk to Cogshell again about his insurance?

A. I talked to him right after I talked to the other people.

Q. And what did he. . .

A. He said he didn't have any.

MR. MARTIN:

Same objection, your Honor.

THE COURT:

Cogshell may make statements against his interest and against the insurance, uninsured motorist carrier. That will be admissible.

MR. MARTIN:

I don't mean to be interrupting, but I'd like to make my record.

THE COURT:

Quite all right.

Q. Do you feel that you made a reasonable effort to determine whether Cogshell had insurance or not?

A. Yes, sir, he said he didn't, that's all I know."

Appellee does not deny the hearsay character of the testimony as alleged by the appellant but simply responds that the appellant didn't make a proper objection, i.e., the objections were insufficient inasmuch as a specific basis was not presented. We think the objections were sufficient when we review the pertinent portion of the transcript from which we have quoted extensively.

The function of an objection is to bring to the court's attention the matter complained of for an appropriate ruling, to warn the adverse party, and to lay a foundation for an exception to an adverse ruling. *Rinke* v. *Shackleford*, 248 Ark. 941, 455 S.W. 2d 83 (1970). In the case at bar, it is obvious that the court was well aware that the matter complained of was hearsay as indicated by the court's use of the language: "declarations, in other words, as against the interests of the insurance company"; "hearsay" and "statements against his interest and against the insurance, uninsured motorist carrier". Also, the court, in effect, instructed the appellee to establish a proper foundation for his testimony. Also, it is apparent that the objections sufficiently warned the adverse appellee. Furthermore, we have held as sufficient objections which indicate, as in the instant case, that the evidence sought to be introduced was not admissible without a proper foundation or identification other than the plaintiff's bare statement. *Home Mutual Fire Ins. Co.* v. *Hagar*, 242 Ark. 693, 415 S.W. 2d 65 (1967). The admissibility of evidence as being within one of the exceptions to the hearsay rule is discussed in *Wilkins* v. *Enterprise TV, Inc.*, 231 Ark. 958, 333 S.W. 2d 718 (1960) and *Home Insurance Co.* v. *Allied Telephone Co.*, 246 Ark. 1095, 442 S.W. 2d 211 (1969).

By interrogatory the issue was presented to the jury as to whether Cogshell was the driver of an uninsured vehicle. Appellee had the burden of proof to establish

this issue by competent and substantial evidence. *South. Farm Bur. Cas. Ins.* v. *Gottsponer,* 245 Ark. 735, 434 S.W. 2d 280 (1968); also see 26 ALR3d 892. In the case at bar appellee has not met that burden. In fact, Cogshell (the declarant), driver of the allegedly uninsured vehicle, merely stated that he, himself, did not have insurance coverage. There is no evidence the vehicle was uninsured.

Appellant also argues that the judgment should be reversed and dismissed contending that the lower court erred in refusing to direct a verdict in its favor. We cannot agree. "[O]ur ordinary procedure in reversing judgments in law cases is to remand for another trial, rather than dismiss the cause of action. It is only where there can be no recovery that we consider it proper to dismiss the cause." *Hayes Bros. Flooring Co.* v. *Carter, Adm'x.,* 240 Ark. 522, 401 S.W. 2d 6 (1966). In the case at bar, even though the evidence is deficient as to appellant's liability, "we think simple justice would require this cause to be remanded, for it is undisputed that [Miller] paid for the coverage***." *South. Farm Bur. Cas. Ins.* v. *Gottsponer, supra.* Also, "there is no reason why the cause cannot be fully developed on retrial".

Reversed and Remanded.

JONES, J., not participating.