William Chester WARD *v.* CONSOLIDATED UNDERWRITERS and MEDALLION INSURANCE COMPANY

75-305                                  535 S.W. 2d 830

Opinion delivered May 3, 1976

*Eubanks, Files & Hurley,* by: *Hugh F. Spinks,* for appellant.

*Plegge, Lowe & Whitmore,* by: *Perry V. Whitmore,* for appellees.

FRANK HOLT, Justice. Appellee Consolidated Underwriters issued to appellant an automobile liability insurance policy which included an uninsured motorist provision as required by Ark. Stat. Ann. § 66-4003 (Repl. 1966). Appellee Medallion Insurance Company assumed the policy coverage. The policy included coverage for injuries caused by a "hit-and-run automobile" which was defined thusly: "Hit-and-run automobile means an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident, provided: (1) there cannot be ascertained the identity of either the operator or owner of such "hit-and-run automobile. . . ."

Appellant suffered physical injuries when he was forced off the road by an unknown driver of a vehicle. Appellant invoked the uninsured motorist coverage of his policy. Appellee Medallion denied coverage on the ground that there was no physical contact between appellant's vehicle and the unidentified car that allegedly ran him off the road. Appellant brought suit for a declaratory judgment asking that the

physical contact limitation be declared void as against public policy of the State of Arkansas. The trial court held that "since this [the hit-and-run policy provision] is greater coverage than the pertinent statute required, **** the 'impact provision' is contractual and valid." Appellant's sole contention on appeal is that the trial court erred in failing to find that the physical impact provision of the Medallion policy of insurance was void as against the public policy of the state.

Appellant argues that since the uninsured motorist statute is remedial in nature, the court should construe the act liberally to accomplish its remedial purpose. Appellant acknowledges that we have held that the burden of showing the other vehicle is uninsured is on the plaintiff. *South. Farm Bur. Cas. Ins.* v. *Gottsponer,* 245 Ark. 735, 434 S.W. 2d 280 (1968). In the case at bar, however, appellant argues that although this may be a proper requirement as to the burden of proof when the driver is known and can be identified, it should not be required where, as here, the driver and vehicle are unknown.

§ 66-4003, which requires uninsured motorist coverage, reads in pertinent part:

> No automobile liability insurance **** shall be delivered or issued for delivery in this state **** unless coverage is provided therein or supplemental thereto **** for the protection of persons insured thereunder who are legally entitled to recover damages from the owners or operators of uninsured motor vehicles. . . .

Plainly, the statute only requires that coverage be provided for the protection of persons who are legally entitled to recover damages from the owners of *uninsured motor vehicles.* As indicated, we have interpreted this statute as requiring that the plaintiff has the burden of showing that the other vehicle is uninsured. *South. Farm Bur. Cas. Ins.* v. *Gottsponer, supra.* Here the policy does not require this burden of proof when there is physical contact and "the operator or owner of such 'hit-and-run automobile' " cannot be ascertained. Therefore, it appears the policy in question is a liberalization of the

coverage required by our statute. See *Amidzich* v. *Charter Oak Fire Insurance Co.*, 170 N.W. 2d 813 (Wis. 1969); *Phelphs* v. *Twin City Fire Insurance Company*, 476 S.W. 2d 419 (Tex. Ct. App. 1972); and *Ward* v. *Allstate Insurance Company*, 514 S.W. 2d 576 (Mo. 1974). In the case at bar, in our view, the physical impact provision in the policy is valid and does not contravene public policy. Appellant recognizes that if the physical contact requirement of the policy is not against the public policy, it is a legitimate objective and contractually binding.

Affirmed.