THE HOME INSURANCE COMPANY
*v.* Nellie HARWELL et al

78-38                                              568 S.W. 2d 17

Opinion delivered July 3, 1978
(Division I)

*Tom Forest Lovett, P.A.*, for appellant.

*Williams & Gardner* and *Laser, Sharp, Haley, Young & Huckabay, P.A.*, for appellees.

FRANK HOLT, Justice. A jury awarded appellee Nellie Harwell damages in the amount of $12,000 for her personal injuries and approximately $413 for property damage arising out of an automobile accident involving a vehicle driven by appellee John Hinman and owned by appellee Donald Eoff. The jury assessed the damages against Hinman and appellant. Eoff was exonerated of any liability on the asserted theory of his negligent entrustment. The court awarded an attorney's fee of $4,000 and assessed a 12% penalty and interest upon the judgment against appellant, which had issued its automobile insurance policy, including uninsured motorist coverage, to appellee Harwell. Home Insurance Company appeals. It first contends the trial court erred in refusing to direct a verdict in its favor because there was no substantial evidence that Hinman was an uninsured motorist within the meaning of the uninsured motorist provisions of her policy and Ark. Stat. Ann. § 66-4003 (Supp. 1977). We must agree.

Under the uninsured motorist statute, "the burden of showing the other vehicle is uninsured is on the plaintiff." *Ward* v. *Consolidated Underwriters et al*, 259 Ark. 696, 535 S.W. 2d 830 (1976); and *South. Farm Bur. Cas. Ins.* v. *Gottsponer*, 245 Ark. 735, 434 S.W. 2d 280 (1968). Here the parties stipulated that Hinman himself did not have in effect at the time of the accident a liability insurance policy as required by Arkansas law and Hinman so testified. Also, according to the evidence, Hinman was driving Eoff's car without his permission. Even

so, appellant argues, appellee Harwell adduced no evidence whatsoever as to whether Eoff, the owner of the vehicle driven by Hinman, had insurance coverage on his automobile when Hinman was driving. In *Southwestern Underwriters Ins.* v. *Miller,* 254 Ark. 387, 493 S.W. 2d 432 (1973), the appellee was injured in a collision with an automobile driven by one defendant and owned by another defendant. The driver of the vehicle admitted that he, himself, did not have insurance coverage. We said: "There was no evidence the vehicle was uninsured."

Here, by Mrs. Harwell's insurance policy, the appellant was obligated to pay all sums which she was entitled to recover as damages from the owner or operator of an "uninsured highway vehicle." In the circumstances, we are of the opinion the evidence adduced was insubstantial to qualify the vehicle as an "uninsured vehicle" within the meaning of appellant's policy and § 66-4003.

Next appellant asserts error in the court's failure to include in its instruction to the jury the bracketed portion of AMI 901 (B) which provides:

When the driver sees danger ahead, or it is reasonably apparent if he is keeping a proper lookout (or if he is warned of approaching imminent danger) then he is required to use ordinary care to have his vehicle under such control as to be able to check its speed or stop it, if necessary, to avoid damage to himself or others.

Appellant argues that the fact situation presented here warranted the giving of this instruction. Mrs. Harwell testified that she was traveling north on Highway 7. She had just crossed the Arkansas River bridge and was approaching a "T" intersection where Highway 247 runs into Highway 7 on her right. She was driving at a "very slow pace" due to road construction and speed limit signs on Highway 7. She first noticed Hinman's vehicle when she was ten or twelve car lengths from the intersection and "just before he entered the intersection." Hinman ran a stop sign, "came out of the intersection and crossed the Highway 7 in front of [her] vehicle." Hinman cleared her lane and made it to the lefthand side of the road. She did not know whether or not he

was going to make a left hand turn onto Highway 7, but her lane was "free and clear" and there was no other traffic coming from her right off Highway 247. She then looked out and saw Hinman's car backing across the road coming directly at her. She did not have room to stop.

Hinman testified that he started into the intersection and failed to make a right hand turn and ended up on the left hand side of the road. He saw a truck coming over the bridge heading north on Highway 7. "I ran out too wide, and a diesel was coming straight . . . over the overpass there." He did not see him when he first pulled out, but "I looked back and there he come." He put his car in reverse and backed up. He did not see Harwell's car until he hit it. "I just panicked and tried to get out of the way." "I didn't have no choice to either hit him or hit the car behind me, so I just put it in reverse and backed up."

The court instructed the jury as follows:

It is the duty of the driver of a motor vehicle to keep his vehicle under control. The control required is that which a reasonably careful driver would maintain under circumstances similar to those shown by the evidence in this case.

The instruction proffered and refused imposes a duty on the driver to have the vehicle under such control as to be able to check its speed or stop it whereas the instruction given requires the driver to control the vehicle as a reasonably careful driver would in the circumstances. Here Mrs. Harwell was faced with an unexpected emergency which she could not reasonably anticipate. In the circumstances, we are of the opinion that the instruction given by the court was sufficient and the requested instruction was properly refused. See *Reed v. McGibboney*, 243 Ark. 789, 422 S.W. 2d 115 (1967); and *Coca-Cola Bottling Co. of Blytheville v. Doud*, 189 Ark. 986, 76 S.W. 2d 87 (1934).

It is our practice in cases such as the one at bar to reverse and remand rather than dismiss since it is possible that the deficiency in the proof, as previously discussed, can be further

developed upon a retrial. *South. Farm Bur. Cas. Ins.* v. *Gottsponer, supra;* and *Southwestern Underwriters Inc.* v. *Miller, supra.* Therefore, we deem it unnecessary to discuss appellant's contention that the award of damages and attorney's fees are excessive.

Reversed and remanded.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and FOGLEMAN, JJ.