# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2669

_____

| | |
|---|---|
| Beth R. Throesch, | * |
| | * |
| Appellee, | * |
| | * |
| v. | * |
| | * |
| United States Fidelity and Guaranty | * |
| Company, | * |
| | * |
| | * |
| Appellant. | * |

_____

No. 00-2704

_____

| | |
|---|---|
| Beth R. Throesch, | * |
| | * |
| Appellant, | * |
| | * |
| v. | * |
| | * |
| United States Fidelity and Guaranty | * |
| Company, | * |
| | * |
| Appellee. | * |

Appeals from the United States
District Court for the
Eastern District of Arkansas.

_____

Submitted: April 11, 2001

Filed: July 9, 2001

_____

Before WOLLMAN, Chief Judge, MURPHY, Circuit Judge, and GOLDBERG,[1] Judge.

_____

WOLLMAN, Chief Judge.

United States Fidelity and Guaranty Company (USF&G) appeals from the district court's entry of judgment entitling Beth R. Throesch to coverage under her vehicle's automobile insurance policy; Throesch cross-appeals. We reverse in part and affirm in part.

## I.

The facts of this case are undisputed. On April 26, 1997, while driving south on Highway 67 near Pocahontas, Arkansas, Throesch swerved off the road and onto the shoulder. She subsequently lost control of the vehicle, which overturned, causing her serious injuries. According to Throesch and two eyewitnesses, Throesch swerved to successfully avoid colliding with a truck coming from the opposite direction that had crossed the center line of traffic and entered her lane. The truck's driver did not stop, and Throesch was unable to identify him or locate him or the truck.

In relevant part, Throesch's insurance policy issued by USF&G provides:

PART C – UNINSURED MOTORISTS COVERAGE
. . .
We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" . . . .
. . .
"Uninsured motor vehicle" means a land motor vehicle or trailer of any type:

_____

[1]The Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation.

-2-

> 1. To which no bodily injury liability bond or policy applies at the time of the accident.
>
> . . .
>
> 3. Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits:
>    a. You or any "family member";
>    b. A vehicle which you or any "family member" are "occupying"; or
>    c. "Your covered auto".

Appellant's App. at 53. Throesch seeks coverage under provisions 1 and/or 3, which provide different definitions for the "uninsured motor vehicle" involved in the accident.

USF&G denied Throesch's request for coverage under provision 3 because the truck did not hit her or her vehicle, and determined that because Throesch had not shown that the truck was uninsured, her injuries were not covered under provision 1.

The district court granted summary judgment to USF&G on the hit-and-run policy provision, concluding that, in this case, it required physical contact between the vehicles as a condition of coverage. The court subsequently determined, however, that Arkansas statute section 27-19-503 created a presumption, applicable in this case, that both the unidentified motorist and the truck he was operating were uninsured. Accordingly, the court concluded that Throesch's injuries were covered under the policy and entered judgment for Throesch. USF&G appeals from the court's judgment and ruling on the statutory presumption, and Throesch cross-appeals the court's grant of summary judgment on the hit-and-run provision.

## II.

"State law controls the construction of insurance policies when a federal court is exercising diversity jurisdiction." Bell v. Allstate Life Ins. Co., 160 F.3d 452, 455 (8th Cir. 1998). We review de novo the district court's determination of state law, id.,

and its grant of summary judgment. <u>Henerey v. City of St. Charles</u>, 200 F.3d 1128, 1131 (8th Cir. 1999).

## A.  Arkansas statute section 27-19-503

Arkansas statute section 27-19-503 provides:

**Presumption of uninsured.**
There shall be a presumption created that a motorist who has failed to file, or caused to be filed in his behalf, within ninety (90) days of the date of an accident, a certificate proving he is insured in at least minimum insurance limits as required by law, is uninsured, and any person alleging or contending that the motorist is insured shall have the burden of proving that coverage.

Ark. Code. Ann. § 27-19-503 (Michie 1994). This provision is part of the Motor Vehicle Safety Responsibility Act, which requires a driver of a vehicle involved in an accident in Arkansas that resulted in bodily injury to file a report with the Department of Finance and Administration. <u>See</u> <u>id.</u> at § 27-19-501 (Michie 1994).

USF&G argues that section 27-19-503 does not create a presumption that the truck itself was uninsured. Thus, USF&G contends, because Throesch has no other evidence to demonstrate that the truck was uninsured, her claim must fail. USF&G also argues that even if the section creates such a presumption, it is not applicable here because section 27-19-503 is part of the statutory scheme for the administration and regulation of licensing and registration rather than one of the statutes that concerns uninsured motorist liability. Additionally, USF&G contends that section 27-19-503 violates the Arkansas Constitution.

We agree with USF&G that the plain language of the statute does not create a presumption that the truck was uninsured. By its own terms, the section's presumption

applies only to motorists, not vehicles. The plain language leaves no room for grafting onto the statute a presumption that any vehicle is uninsured.[2]

Under Arkansas law, the distinction between an uninsured motorist and the vehicle he was driving is critical. Arkansas's uninsurance statutes focus both on uninsured motorists and uninsured vehicles. See Ark. Code Ann. § 23-89-403 (Michie 1999). A claimant bears the burden of showing that the vehicle and the motorist involved in an accident were uninsured. Home Ins. Co. v. Harwell, 568 S.W.2d 17, 18 (Ark. 1978) (vehicle); Southern Farm Bureau Cas. Ins. Co. v. Gottsponer, 434 S.W.2d 280, 283 (Ark. 1968) (motorist). For uninsured vehicles, the claimant must specifically demonstrate that the vehicle is uninsured, not just the driver. Harwell, 568 S.W.2d at 18 (stipulation that driver was uninsured insufficient to show vehicle uninsured); Southwestern Underwriters Ins. Co. v. Miller, 493 S.W.2d 432, 434 (Ark. 1973) (statement by driver that he was uninsured insufficient to establish vehicle uninsured). Therefore, assuming arguendo that section 27-19-503 creates a statutory presumption that the motorist was uninsured, it does not aid Throesch's claim because it contains no mention of uninsured vehicles.

Because Throesch's attempts to locate either the driver or the truck have been unsuccessful, she has no evidence to show that the truck was uninsured. Her claim, therefore, cannot succeed. See id. Accordingly, the district court erred when it concluded that Throesch could recover under provision 1.

---

[2]We note that even the background information cited by the district court to support the vehicle presumption complains only of the difficulty of locating identified but uninsured motorists and makes no references to vehicles.

## B. Hit-and-Run Provision

Noting that the Arkansas Supreme Court has upheld against public policy challenges a hit-and-run provision that provided coverage only for injuries "arising out of physical contact," the district court held that Throesch was required to establish that the on-coming truck made physical contact with her vehicle as a condition of coverage under her policy.

We agree with the district court that the language of the hit-and-run provision is unambiguous and that it requires that the uninsured vehicle be one "which hits," that is, physically contacts the insured or another vehicle. Cf. Bruner v. USAA Property and Cas. Ins. Co., 649 So. 2d 584, 585 (La. Ct. App. 1994) (same language, same holding). The cases cited by Throesch indicate that hit-and-run policy provisions may encompass "miss-and-run" situations, but they reach that conclusion through either an interpretation of the term "hit-and-run" in clauses that lack the additional requirement of "which hits" and thus do not apply in the present case, or through the voiding of a physical contact requirement through the interpretation of state public policy and state statutes. See, e.g., Clark v. Regent Ins. Co., 270 N.W.2d 26, 27-31 (S.D. 1978) (discussing various approaches; voiding contact provision on statutory grounds).

Throesch accordingly turns to public policy arguments. She contends that a clause like the one in this case, which does not provide coverage for a "near hit" even when supported by eyewitness accounts, is unconscionable under Arkansas public policy and does not further the clause's purported purpose of preventing fraud. As the district court observed, although the Arkansas Supreme Court has not addressed this specific argument, it has concluded that a hit-and-run provision that requires physical contact is valid and does not violate public policy. See Ward v. Consolidated Underwriters, 535 S.W.2d 830, 832 (Ark. 1976). We agree with the district court that given this precedent the Arkansas courts are unlikely to find the provision to be unconscionable or contrary to the public policy of the state. The physical contact

requirement of the hit-and-run provision of Throesch's policy is thus enforceable, and her claim under this provision also fails.

The other arguments raised are either without merit or have been rendered moot by our disposition of the case. Accordingly, the judgment is affirmed in part and reversed in part, and the case is remanded to the district court with instructions to enter judgment in favor of USF&G.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.