STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY *v.* Wilfer HENDERSON

03-740                                    150 S.W.3d 276

Supreme Court of Arkansas
Opinion delivered March 4, 2004

336

*Boswell, Tucker & Brewster,* by: *Clark S. Brewster,* for appellant.

*Cullen & Co., PLLC,* by: *Tim Cullen,* for appellee.

DONALD L. CORBIN, Justice. This appeal was certified to us by the Arkansas Court of Appeals as presenting an issue of substantial public interest needing further development of the law: Whether an insurance policy providing for uninsured–motorist coverage in a hit–and–run situation *only if* there is an actual collision between the vehicles violates our statutory law or public policy. Appellant State Farm Mutual Automobile Insurance Company argues that the Columbia County Circuit Court erred in granting summary judgment to Appellee Wilfer Henderson on the ground that the policy issued to him by State Farm was invalid under Ark. Code Ann. § 23–89–403(a)(1) (Supp. 2003) and was against public policy. Our jurisdiction of this appeal is pursuant to Ark. Sup. Ct. R. 1-2(b)(4) and (5). We reverse and dismiss.

The pertinent facts are not in dispute. On April 16, 2000, Henderson was involved in a single–car accident, when an oncoming vehicle crossed the center line and forced him off the road and into a guardrail. There was no physical contact between the Henderson vehicle and the other vehicle. The other vehicle was never identified, nor was its driver. Notwithstanding, the parties stipulated that the accident was proximately caused by the negligence of the unknown driver, and it resulted in bodily injuries to Henderson. Henderson was insured with State Farm on the date of the accident, and his policy included uninsured–motorist coverage. Henderson made a claim with State Farm for uninsured–motorist benefits, and the claim was denied by State Farm due to the lack of physical contact between the vehicles. Based on these facts, both sides sought summary judgment, averring that the issue to be determined was one of law. The trial court granted summary judgment to Henderson, and State Farm brought the instant appeal.

Summary judgment, although no longer viewed as a drastic remedy, is to be granted only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Vanderpool v. Pace*, 351 Ark. 630, 97 S.W.3d 404 (2003); *Monday v. Canal Ins. Co.*, 348 Ark. 435, 73 S.W.3d 594 (2002); *Mississippi River Transmission Corp. v. Weiss*, 347 Ark. 543, 65 S.W.3d 867 (2002). Summary judgment was appropriate in this case, as both parties concede that there are no issues of material fact left to be resolved and the issue on appeal is purely one of law, involving the interpretation of section 23-89-403(a)(1). *See id.* We review issues of statutory interpretation *de novo*, as it is for this court to decide what a statute means. *Fields v. Marvell Sch. Dist.*, 352 Ark. 483, 102 S.W.3d 502 (2003); *Bell v. Bershears*, 351 Ark. 260, 92 S.W.3d 32 (2002). In this respect, we are not bound by the trial court's decision; however, in the absence of a showing that the trial court erred, its interpretation will be accepted as correct on appeal. *Id.*

The policy purchased by Henderson defined uninsured-motorist coverage, in relevant part, as:

2. a "hit and run" land motor vehicle whose owner or driver remains unknown and which strikes:

   a. the *insured*; or

   b. the vehicle the *insured* is *occupying*

   and is the proximate cause of *bodily injury* to the *insured*.

State Farm averred that this provision clearly reflects that uninsured-motorist coverage is available in a hit-and-run accident only if the unknown vehicle strikes, or makes physical contact with, the insured or the insured's vehicle.

The trial court found that the policy's coverage for hit-and-run drivers was contrary to section 23-89-403(a)(1), which provides in pertinent part:

No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state . . . unless coverage is provided therein or supplemental thereto . . . for the protection of

persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom.

The trial court found that the policy's requirement that the hit-and-run vehicle actually strike the insured before uninsured benefits will be paid contravened the statute because it essentially added an element of proof to a tort claim. The trial court reasoned that a plaintiff is "legally entitled," as provided in section 23-89-403(a)(1), to recover in tort by proving three elements: negligence, proximate cause, and damages. These elements, the trial court found, may be proven without evidence of physical contact between the vehicles. As such, the trial court concluded that the policy's requirement is "a limitation on an otherwise provable legal entitlement, is unduly restrictive and contrary to the statute."

The trial court also found that the policy's requirement of physical contact violated the public policy in three ways. First, it penalizes those persons who drive defensively and avoid any actual collision. Second, it is contrary to the duty of a plaintiff to mitigate his or her damages. Third, it renders the insured's ability to recover dependent upon the conduct of an unknown third party, who did not fulfill his or her legal obligation to stop at the scene of the accident, as required by Ark. Code Ann. § 27-53-103 (Supp. 2003). The trial court then concluded that under the stipulated facts of this case, the physical-contact requirement was contrary to public policy and was, therefore, void.

For reversal, State Farm argues that the trial court erred in granting summary judgment to Henderson, because its policy provides more uninsured-motorist coverage than section 23-89-403(a)(1) requires, and thus cannot be viewed as contravening the statute. State Farm also argues that the physical-contact requirement does not violate public policy. State Farm relies heavily on this court's previous holding in *Ward v. Consolidated Underwriters*, 259 Ark. 696, 535 S.W.2d 830 (1976).

In *Ward*, the appellant suffered physical injuries when he was forced off the road by an unknown driver of a vehicle. He invoked the uninsured-motorist coverage of his policy, which included coverage for injuries caused by a hit-and-run vehicle "*arising out of physical contact* of such automobile with the insured or with an automobile which the insured is occupying," provided that the

identity of the owner or driver of the hit-and-run vehicle cannot be ascertained. *Id.* at 697, 535 S.W.2d at 831 (emphasis added). The insurer denied coverage on the ground that there was no physical contact between the appellant's vehicle and the unidentified car. The trial court found in favor of the insurer, and this court affirmed. Interpreting Ark. Stat. Ann. § 66-4003 (Repl. 1966), the predecessor to section 23-89-403(a)(1), this court held:

> Plainly, the statute only requires that coverage be provided for the protection of persons who are legally entitled to recover damages from the owners of *uninsured motor vehicles.* As indicated, *we have interpreted this statute as requiring that the plaintiff has the burden of showing that the other vehicle is uninsured. South. Farm Bur. Cas. Ins. v. Gottsponer,* [245 Ark. 735, 434 S.W.2d 280 (1968)]. *Here the policy does not require this burden of proof when there is physical contact* and "the operator or owner of such 'hit-and-run automobile' " cannot be ascertained. *Therefore, it appears the policy in question is a liberalization of the coverage required by our statute. See Amidzich v. Charter Oak Fire Insurance Co.,* 44 Wis.2d 45, 170 N.W.2d 813 (1969); *Phelphs v. Twin City Fire Insurance Company,* 476 S.W.2d 419 (Tex. Civ. App. 1972); and *Ward v. Allstate Insurance Company,* 514 S.W.2d 576 (Mo. 1974). *In the case at bar, in our view, the physical impact provision in the policy is valid and does not contravene public policy.* Appellant recognizes that if the physical contact requirement of the policy is not against the public policy, it is a legitimate objective and contractually binding.

*Id.* at 698-99, 535 S.W.2d at 832 (emphasis added). State Farm contends that the holding in *Ward* is binding precedent. We agree.

██ Since our holding in *Ward,* the legislature has not made any material change to our uninsured-motorist statute, which was originally enacted by the General Assembly in Act 464 of 1965. Thus, our holding in *Ward,* that the statute requires the plaintiff to prove that the other vehicle was uninsured, and that a policy that relieves the plaintiff of that burden in hit-and-run cases where there is physical contact exceeds the statutory requirements, continues to be viable precedent. Indeed, the fact that the legislature has made no material change to section 23-89-403(a)(1) since 1976 may be construed as acquiescence to our construction of the statute. *See, e.g., Moix-McNutt v. Brown,* 348 Ark. 518, 74 S.W.3d 612 (2002); *Chamberlin v. State Farm Mut. Auto. Ins. Co.,* 343 Ark. 392, 36 S.W.3d 281 (2001); *Ragar v. Brown,* 332 Ark. 214, 964

S.W.2d 372 (1998). Applying *Ward* to the facts of this case, we conclude that State Farm's policy exceeded the coverage mandated by that statute in that it disposes of the plaintiff's burden of proving that the other vehicle was uninsured in hit-and-run cases in which there is physical contact between the vehicles. We therefore reject the trial court's conclusion that the policy is contrary to and restrictive of the language in section 23-89-403.

We likewise reject the trial court's conclusion that the physical-contact requirement contravenes public policy. The points of public policy cited by the trial court, *i.e.*, encouraging defensive driving and mitigation of damages, and not penalizing an insured by making his recovery dependent upon the driver of the other vehicle adhering to the legal obligation to stop and render aid, are not new or novel ideals. As such, our holding in *Ward* that a physical-contact requirement in an hit-and-run situation "does not contravene public policy" is still binding precedent. 259 Ark. at 699, 535 S.W.2d at 832. Moreover, if there is to be a departure in the public policy since *Ward*, it is an issue that should be left to the General Assembly. This court has repeatedly held that the determination of public policy lies almost exclusively with the legislature, and the courts will not interfere with that determination in the absence of palpable errors. *See, e.g., Jordan v. Atlantic Cas. Ins. Co.*, 344 Ark. 81, 40 S.W.3d 254 (2001); *Norton v. Hinson*, 337 Ark. 487, 989 S.W.2d 535 (1999); *McDonald v. Pettus*, 337 Ark. 265, 988 S.W.2d 9 (1999). Similarly, this court has long held that a cardinal rule in dealing with a statutory provision is to give it a consistent and uniform interpretation, and when a statute has been consistently construed in one way for many years, that construction should not be changed by the courts. *Moix-McNutt*, 348 Ark. 518, 74 S.W.3d 612 (citing *Flemens v. Harris*, 323 Ark. 421, 915 S.W.2d 685 (1996); *Morris v. McLemore*, 313 Ark. 53, 852 S.W.2d 135 (1993); *Goldsby v. Fairley*, 309 Ark. 380, 831 S.W.2d 142 (1992)).

This court has also held that a state's public policy is best evidenced by its statutes; hence, an insurance provision that is in accordance with a statute cannot run contrary to public policy. *Harasyn v. St. Paul Guardian Ins. Co.*, 349 Ark. 9, 75 S.W.3d 696 (2002); *Jordan*, 344 Ark. 81, 40 S.W.3d 254; *Majors v. American Premier Ins. Co.*, 334 Ark. 628, 977 S.W.2d 897 (1998). Accordingly, it is of no significance that the particular public-policy arguments presented in this case may not have been presented in *Ward*. The bottom line is that the uninsured-motorist statute is the

same now as it was then; hence, State Farm's coverage, which exceeds the statutory requirements, cannot be viewed as a violation of public policy.

Both Henderson and the Arkansas Trial Lawyers Association (ATLA) raise some persuasive arguments to support a change in our law. For example, they contend that the justification for drawing a line between hit-and-run accidents with physical contact and those without, *i.e.*, to discourage fraudulent claims of collisions with "phantom vehicles," is not persuasive, especially in light of the fact that State Farm agreed that there was no fraud in this case, when it stipulated that the unknown vehicle proximately caused Henderson's injuries. They also contend that State Farm's policy has the unwanted effect of penalizing those persons who practice defensive driving and are successful in avoiding actual collisions. As persuasive as these arguments may be, however, they are more appropriately addressed to the legislature, not this court.

Additionally, Henderson urges us to consider a recent act of the legislature, Act 1043 of 2003, which amended Ark. Code Ann. § 27-19-503 (Repl. 2004) to provide a presumption that both a motorist and the vehicle itself are uninsured if the motorist fails to file a certificate of insurance within ninety days of an accident. Prior to that change, section 27-19-503 only provided such a presumption to the motorist, but not to the vehicle. Henderson asserts that this change relieves him of the burden to prove that the other vehicle was uninsured, as required in *Ward*, 259 Ark. 696, 535 S.W.2d 830.[1] We do not address this argument, as the amendment to section 27-19-503 was not made until some three years after the issuance of Henderson's policy and the date of

---

[1] This court has not heretofore determined whether the presumption in section 27-19-503, which is part of the Motor Vehicle Safety Responsibility Act, is applicable to a civil suit to collect uninsured-motorist benefits. In *Throesch v. United States Fidelity & Guar. Co.*, 100 F. Supp. 2d 934 (E.D. Ark. 2000), the federal district court held that the statutory presumption did apply to such a suit and that the presumption extended to both the driver of the other vehicle and the vehicle itself. The Eighth Circuit reversed this latter holding on the ground that the plain language of the statute, as it was written prior to the 2003 amendment, only provided such a presumption to the driver or operator, but not to the vehicle. *See Throesch v. United States Fidelity & Guar. Co.*, 255 F.3d 551 (8th Cir. 2001). The Eighth Circuit then ruled in favor of the insurer because the plaintiff had no other proof regarding the insurance status of the vehicle itself. In so holding, the court noted that "[u]nder Arkansas law, the distinction between an uninsured motorist and the vehicle he was driving is critical." *Id.* at 554. The court relied on our decisions in *Home Ins. Co. v. Harwell*, 263 Ark. 884, 568 S.W.2d

his accident. This court has previously recognized that an insurance policy is governed by statutes in effect at the time of its issuance. *See Nixon v. H & C Elec. Co., Inc.*, 307 Ark. 154, 818 S.W.2d 251 (1991) (citing Appleman, 12 *Insurance Law and Practice* § 7041 at 171-176 (1982)); *M.F.A. Mut. Ins. Co. v. McKinley*, 245 Ark. 326, 432 S.W.2d 484 (1968). As this court explained in *McKinley*, "we cannot give the statute a retroactive effect that would cut off a valid defense available to the insurer before the passage of the act." *Id.* at 328, 432 S.W.2d at 485.

In sum, our holding in *Ward*, 259 Ark. 696, 535 S.W.2d 830, that our uninsured-motorist statute requires a plaintiff to prove that the other vehicle was uninsured, is still valid precedent. Applying that holding to this case, we conclude that State Farm was not legally obligated under section 23-89-403(a)(1) to provide any coverage for hit-and-run accidents where the plaintiff could not prove that the other vehicle was uninsured. Thus, its policy that relieved an insured of that burden where there is physical contact between the vehicles exceeded the requirements of our uninsured-motorist statute. The fact that it chose to draw a line in its coverage between those hit-and-run accidents where there is actually a "hit" or physical contact and those where there is no such contact does not violate the law and, therefore, is not in contravention of the public policy. While the public-policy arguments made by Henderson and ATLA raise valid concerns that should be addressed by the legislature, we are duty bound to follow our precedent. We thus reverse the trial court's grant of summary judgment to Henderson and dismiss the suit, as the matter was submitted on cross motions for summary judgment. Additionally, it is not necessary to reach the merits of State Farm's alternative argument regarding prejudgment interest.

Reversed and dismissed.

BROWN, J., concurs.

ROBERT L. BROWN, Justice, concurring. I concur with the result based on this court's decision in *Ward v. Consoli-*

---

17 (1978), and *Southwestern Underwriters Ins. Co. v. Miller*, 254 Ark. 387, 493 S.W.2d 432 (1973), wherein it was held that the fact that the driver was uninsured was insufficient where there was no proof that the vehicle was uninsured.

*dated Underwriters,* 259 Ark. 696, 535 S.W.2d 830 (1976). However, should the General Assembly not clarify Ark. Code Ann. § 23-89-403(a)(1) (Supp. 2003), with respect to uninsured-motorist coverage and hit-and-run situations, I would not close the door to revisiting our *Ward* decision.