Flavio Rios GUERRERO *v.* OK FOODS, INC.

CA 05-865                                                    230 S.W.3d 296

Court of Appeals of Arkansas
Opinion delivered March 1, 2006

*Stricker Law Firm, PLLC*, by: *R. Theodor Stricker*, for appellant.

*Friday, Eldredge & Clark*, by: *James M. Simpson* and *Kristopher B. Knox*, for appellee.

SAM BIRD, Judge. Appellant Flavio Rios Guerrero appeals the trial court's decision to grant summary judgment in favor of appellee OK Foods, Inc., after Guerrero brought a tort action against OK Foods in the Sebastian County Circuit Court. On appeal, Guerrero asks this court to expand the intentional-tort exception to the exclusive-remedy doctrine under Arkansas workers' compensation law. We decline to do so; thus, we affirm.

On March 25, 2004, Guerrero was working at an OK Foods facility in Fort Smith, Arkansas, when his arm became entangled in a "kill line conveyor system" and was torn off. Guerrero subsequently received workers' compensation benefits, and on June 8, 2004, he filed a tort action against OK Foods in the Sebastian County Circuit Court. In his complaint, Guerrero alleged that, prior to his injury, he was ordered to wash a conveyer line with a trigger gun and nozzle hose system that was larger and exerted more pressure than the system he had previously used. He claimed that, as a result, he lost control of the gun and hose system, and the gun, hose, and his shirt became caught in the conveyor. Guerrero also alleged that he reported this incident to his supervisor, but the supervisor ignored him and ordered him to continue the practice of cleaning the conveyor with the larger hose.

According to Guerrero's complaint, on March 25, 2004, Guerrero was cleaning the conveyor as ordered when the belt caught his arm and pulled him onto the conveyor. Guerrero claimed that he "screamed for help" but no one responded, and that the system "lacked appropriate emergency stops." Guerrero alleged that the conveyor belt "ripped off" his arm, and he was eventually able to free himself. Guerrero asserted that the acts of OK Foods constituted an intentional tort for which he was entitled to damages.

On January 13, 2005, OK Foods filed a motion for summary judgment, asserting that Guerrero had received workers' compensation benefits as a result of the accident and that his sole avenue for recovery was under Arkansas workers' compensation law. OK Foods argued that Guerrero was therefore barred by the exclusive-remedy doctrine from asserting a claim against OK Foods for negligence. The trial court granted the motion for summary judgment, finding that Guerrero's claims were precluded by the exclusive-remedy doctrine of Arkansas workers' compensation law.

On appeal, Guerrero asks this court to expand the existing intentional-tort exception to the exclusive-remedy doctrine under Arkansas workers' compensation law. A trial court's conclusion on a question of law is reviewed de novo and is given no deference on appeal. *Indus. Elec. Supply, Inc. v. Lytle Mfg., L.L.C.*, 94 Ark. App. 81, 226 S.W.3d 1 (2006).

Arkansas Code Annotated section 11-9-105 (Repl. 2002) provides that the rights and remedies granted to employees under the Arkansas Workers' Compensation Act are exclusive of all other rights and remedies that an employee has against an employer. In *Brown v. Finney*, 326 Ark. 691, 694, 932 S.W.2d 769, 771 (1996), our supreme court explained that "the reason for the exclusivity provision in [section 11-9-105] mirrors the general purpose behind our Workers' Compensation Act, which was to change the common law by shifting the burden of all work-related injuries from individual employers and employees to the consuming public with the concept of fault being virtually immaterial."

Our supreme court has fashioned an exception to the exclusive-remedy doctrine in cases where an employer intentionally inflicts an injury upon an employee. In *Heskett v. Fisher Laundry & Cleaners Co.*, 217 Ark. 350, 356, 230 S.W.2d 28, 32 (1950), the court held that a "vicious, unprovoked, intentional and violent assault and battery upon appellant during the course of the employment" entitled the appellant to either "claim compensation under the compensation act" or to "treat the wilful assault as a severance of the employer-employee relationship and seek full damages in a common law action." This "intentional-tort exception" to the exclusive-remedy doctrine under our workers' compensation law has been narrowly construed. For example, in *Griffin v. George's, Inc.*, 267 Ark. 91, 96, 589 S.W.2d 24, 27 (1979), our supreme court recognized that the exception only applies to acts "committed with an actual, specific, and deliberate intent on the

part of the employer to injure the employee," and that the employee's complaint must be "based upon allegations of an intentional or deliberate act by the employer with a desire to bring about the consequences of the act." *See also Miller v. Ensco*, 286 Ark. 458, 692 S.W.2d 615 (1985).

Here, appellant makes a public policy argument that we should expand our intentional-tort exception "to embrace patterns of fact such as the one at bar, thereby overturning a series of cases to the contrary." He cites cases from other jurisdictions that have allowed an exception in situations where the employer had knowledge that there was a substantial certainty of harm to the employee, and he urges us to adopt this standard or a similar standard. Furthermore, he claims that our current law does not guarantee an employee the right to a safe workplace, and he argues that precluding him from pursuing a tort action against OK Foods is contrary to the purposes of our workers' compensation law and to fundamental notions of justice.

Guerrero's arguments are policy arguments that are for the legislature, not the courts, to consider. Our supreme court has repeatedly held that the determination of public policy lies almost exclusively with the legislature, and the courts will not interfere with that determination in the absence of palpable errors. *State Farm Mut. Auto. Ins. Co. v. Henderson*, 356 Ark. 335, 150 S.W.3d 276 (2004) (citations omitted). Therefore, Guerrero's arguments are more appropriately addressed to the legislature, not the appellate court. *See id.*

We also note that, even were we to agree with Guerrero, and if we had the ability to expand the intentional-tort exception, Guerrero is barred from pursuing a tort claim against OK Foods because he has already accepted workers' compensation benefits. *See Gourley v. Crossett Pub. Sch.*, 333 Ark. 178, 968 S.W.2d 56 (1998) (recognizing that an appellant's tort claim was barred by the doctrine of election of remedies where the appellant had previously pursued and recovered workers' compensation benefits for the same injury). We therefore affirm.

Affirmed.

GLOVER and CRABTREE, JJ., agree.