Angela KELLEY  *v.*
USAA CASUALTY INSURANCE COMPANY,
State Farm Fire & Casualty Company

07-367                                             266 S.W.3d 734

Supreme Court of Arkansas
Opinion delivered November 1, 2007

*Gary Eubanks & Associates,* by: *Russell Marlin,* for appellant.

*Kilpatrick, Williams, Smith & Meeks, LLP,* by: *Joseph E. Kilpatrick, Jr.* and *Richard A. Smith,* for appellee USAA Casualty Insurance Company.

JIM HANNAH, Chief Justice. Angela Kelley appeals summary judgment entered against her in Pulaski County Circuit Court. The circuit court rejected Kelley's argument that Act 1043 of 2003, amending Ark. Code Ann. § 27-19-503 (Repl. 1994), overruled this court's prior holdings that the uninsured-motorist statute, Ark. Code Ann. § 23-89-403 (Repl. 2004), requires a plaintiff to prove that the vehicle alleged to have caused the damage and injury was uninsured. The circuit court further rejected Kelley's argument that insurance policies requiring physical contact to trigger uninsured-vehicle coverage restricted coverage to a level that falls below the minimum insurance coverage required by Arkansas law. We affirm the circuit court and hold that Act 1043 did not overrule *State Farm Mut. Auto. Ins. Co. v. Henderson,* 356 Ark. 335, 150 S.W.3d 276 (2004), *Ward v. Consol. Underwriters & Medallion Ins. Co.,* 259 Ark. 696, 535 S.W.2d 830 (1976), did not amend section 23-89-403, and that the law under our uninsured-motorist statute remains that a plaintiff must prove that the other vehicle is uninsured. We further hold that the question of whether public policy requires the statutes be amended to provide uninsured coverage in the absence of physical contact should be addressed to the General Assembly. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(5).

On April 18, 2005, at approximately 9:35 a.m., Wendell Fair was involved in a one-car accident. Kelley was his passenger. Kelley and Fair were injured, and the accident resulted in the total loss of Fair's vehicle. The record reveals that there was no physical

contact. Kelley asserts that Fair was run off the road by an as yet unidentified vehicle and driver and that she is entitled to coverage for her injuries under the uninsured-motorist coverage of Fair's and her own automobile insurance policy. Fair's insurance carrier U.S.A.A. Casualty Insurance Company, and Kelley's insurance carrier, State Farm Fire and Casualty Company, filed and prevailed on motions for summary judgment.

In *Nash v. Hendricks*, 369 Ark. 60, 68, 250 S.W.3d 541, 546-47 (2007), we stated the standard of review where summary judgment is granted:

> Summary judgment is to be granted only when it is clear that there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. *See Vanderpool v. Pace*, 351 Ark. 630, 97 S.W.3d 404 (2003). The purpose of summary judgment is not to try the issues, but to determine whether there are any issues to be tried. *City of Barling v. Fort Chaffee Redevelopment Auth.*, 347 Ark. 105, 60 S.W.3d 443 (2001). Once the moving party has established a *prima facie* entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Spears v. City of Fordyce*, 351 Ark. 305, 92 S.W.3d 38 (2002).

This case concerns interpretation of acts of the General Assembly. We review issues of statutory interpretation de novo; it is for this court to decide what a statute means. *Maddox v. City of Fort Smith*, 369 Ark. 143, 251 S.W.3d 281 (2007). We are not bound by the trial court's decision; however, in the absence of a showing that the trial court erred, its interpretation will be accepted as correct on appeal. *Id.* When reviewing issues of statutory interpretation, we are mindful that the first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.*

### Act 1043 of 2003

Kelley presents the following argument:

> The 2003 amendment [Act 1043] presents a significant departure from prior Arkansas law and public policy. By adding the vehicle to section 503's presumption, the legislature's clear intent was to abrogate prior interpretations of the statute which do not include the vehicle in the uninsured presumption. The Appellee's policy,

by creating an arbitrary requirement of physical contact, is in clear contradiction with the newly amended ARK. CODE ANN. § 27-19-503. It restricts coverage to a level that falls below the minimum required by Arkansas law.

This argument was raised in *Henderson, supra,* and there we declined to address the argument because the case was decided on an independent basis that did not require consideration of the argument. We now address the argument. As a threshold matter, we note that pursuant to Ark. Code Ann. § 27-19-621 (Repl. 2004), any action taken under section 27-19-503 is not admissible in a civil action:

> The report required following an accident, the action taken by the office pursuant to this chapter, the findings, if any, of the office upon which such action is based, and the security filed as provided in this chapter shall not be referred to in any way, and shall not be any evidence of the negligence or due care of either party, at the trial of any civil action to recover damages.

In *Branscumb v. Freeman,* 360 Ark. 171, 176, 200 S.W.3d 411, 414 (2004), we discussed the issue of admission of such evidence in a civil action:

> Under the Motor Vehicle Safety Responsibility Act, the driver of a vehicle bears the responsibility of reporting an accident, and the penalty for failing to report an accident is license suspension. Ark. Code Ann. §§ 27-19-501, 508 (Repl. 2004). Similarly, it is the driver's failure to file proof of insurance within 90 days of the accident that results in a presumption that the driver and the vehicle the driver is operating are uninsured. Ark. Code Ann. § 27-19-503 (Repl. 2004). In any event, the legislature has expressly provided that following an accident, the report and the security (if the vehicle is uninsured) required under the Act and any action taken by the enforcement agency, shall not be evidence of negligence in civil actions. Ark. Code Ann. § 27-19-621 (Repl. 2004).

Chapter 19 of Title 27, where section 27-19-503 is located, is the "MOTOR VEHICLE SAFETY RESPONSIBILITY ACT." What the chapter concerns is readily apparent from the Act's title:

> AN ACT to Eliminate the Reckless and Irresponsible Driver From the Highways and to Provide for the Giving of Security and Proof of Financial Responsibility By Persons Driving or Owning Vehicles of a Type Subject to the Registration Under the Laws of this State; and for Other Purposes.

Act 347 of 1953. Act 1043 amended the Motor Vehicle Safety Responsibility Act. It did not amend or modify the law on insurance coverage or tort liability. Section 27-19-503 declares that for purposes of the Motor Vehicle Safety Responsibility Act, any driver involved in an accident who fails to provide proof of insurance within ninety days is presumed uninsured, as well as the vehicle the driver is operating. It deals only with actions to be taken against the driver by the Department of Finance & Administration (DF&A), and it concerns identified drivers involved in accidents. Even within the context of the Motor Vehicle Safety Responsibility Act, the section is not now and was never a means to declare an unidentified and unknown driver and vehicle as uninsured for DF&A's purpose or for any purpose. The reason the driver and vehicle are presumed uninsured for DF&A's purpose is because when an identified driver fails to comply with the law and obtain and provide proof that he or she is insured, as well as the vehicle, as required by law, then this presumption is provided by law to allow DF&A to take the punitive actions under the Act designed to eliminate irresponsible drivers from the highways. If DF&A does not know who the driver is it cannot take any action under the Act to punish him or her. Thus, there is no presumption under section 27-19-503 that would allow Kelley to assert the driver and vehicle she has not identified are uninsured.

## Physical Contact

As to our interpretation of section 23-89-403 and prior holdings that physical contact must be proven, this court since 1976 has held that neither section 23-89-403 nor public policy is violated by insurance contracts that require physical contact before uninsured coverage is triggered. *See Henderson, supra; Ward, supra.* "A cardinal rule in dealing with a statutory provision is to give it a consistent and uniform interpretation so that it is not taken to mean one thing at one time and something else at another time." *Morris v. McLemore,* 313 Ark. 53, 55, 852 S.W.2d 135, 136 (1993). "When a statute has been construed, and that construction has been consistently followed for many years, such construction ought not be changed." *Low v. Ins. Co. of N. America,* 364 Ark. 427, 438, 220 S.W.3d 670, 679 (2005); *Morris,* 313 Ark. at 55, 852 S.W.2d at 136. The law has remained consistent:

> Moreover, if there is to be a departure in the public policy since *Ward,* it is an issue that should be left to the General Assembly. This

court has repeatedly held that the determination of public policy lies almost exclusively with the legislature, and the courts will not interfere with that determination in the absence of palpable errors. *See, e.g., Jordan v. Atlantic Cas. Ins. Co.*, 344 Ark. 81, 40 S.W.3d 254 (2001); *Norton v. Hinson*, 337 Ark. 487, 989 S.W.2d 535 (1999); *McDonald v. Pettus*, 337 Ark. 265, 988 S.W.2d 9 (1999). Similarly, this court has long held that a cardinal rule in dealing with a statutory provision is to give it a consistent and uniform interpretation, and when a statute has been consistently construed in one way for many years, that construction should not be changed by the courts. *Moix-McNutt*, 348 Ark. 518, 74 S.W.3d 612 (citing *Flemens v. Harris*, 323 Ark. 421, 915 S.W.2d 685 (1996); *Morris v. McLemore*, 313 Ark. 53, 852 S.W.2d 135 (1993); *Goldsby v. Fairley*, 309 Ark. 380, 831 S.W.2d 142 (1992)).

*Henderson*, 356 Ark. at 342, 150 S.W.3d at 279-80. There is no merit to Kelley's claim that requiring physical contact to trigger coverage under uninsured-motorist provisions in insurance contracts restricts coverage to a level that falls below the minimum coverage required by Arkansas law.

In *Ward*, *supra*, this court stated as follows on the matters at issue:

Appellant argues that since the uninsured motorist statute is remedial in nature, the court should construe the act liberally to accomplish its remedial purpose. Appellant acknowledges that we have held that the burden of showing the other vehicle is uninsured is on the plaintiff. *South. Farm Bur. Cas. Ins. v. Gottsponer*, 245 Ark. 735, 434 S.W.2d 280 (1968). In the case at bar, however, appellant argues that although this may be a proper requirement as to the burden of proof when the driver is known and can be identified, it should not be required where, as here, the driver and vehicle are unknown.

§ 66-4003, which requires uninsured motorist coverage, reads in pertinent part:

No automobile liability insurance . . . shall be delivered or issued for delivery in this state . . . unless coverage is provided therein or supplemental thereto . . . for the protection of persons insured thereunder who are legally entitled to recover damages from the owners or operators of uninsured motor vehicles . . . .

>Plainly, the statute only requires that coverage be provided for the protection of persons who are legally entitled to recover damages from the owners of *uninsured motor vehicles*. As indicated, we have interpreted this statute as requiring that the plaintiff has the burden of showing that the other vehicle is uninsured. *South. Farm Bur. Cas. Ins. v. Gottsponer, supra.* Here the policy does not require this burden of proof when there is physical contact and "the operator or owner of such 'hit-and-run automobile' " cannot be ascertained. Therefore, it appears the policy in question is a liberalization of the coverage required by our statute. *See Amidzich v. Charter Oak Fire Insurance Co.*, 170 N.W.2d 813 (Wis. 1969); *Phelphs v. Twin City Fire Insurance Company*, 476 S.W.2d 419 (Tex. Ct. App. 1972); and *Ward v. Allstate Insurance Company*, 514 S.W.2d 576 (Mo. 1974). In the case at bar, in our view, the physical impact provision in the policy is valid and does not contravene public policy. Appellant recognizes that if the physical contact requirement of the policy is not against the public policy, it is a legitimate objective and contractually binding.

*Ward*, 259 Ark at 698-99, 535 S.W.2d at 832. The law remains that the physical contact requirement in an insurance policy does not violate section 23-89-403, is not against public policy, and is contractually binding.

Affirmed.